JAMES BRADY ET AL., PLAINTIFFS IN ERROR, V. JAMES
FLINT, DEFENDANT IN ERROR.

Landlord and Tenant: CONSTRUCTION OF LEASE. A lease of a
cultivated farm, executed on a printed form, the *habendum* clause
being in the following words, " To have and to hold the same to
the said party of the second part, from the *first day of March,
1883*, to the *first* day of *March, 1884*," the letters and figures in
italics being written with pen and ink, and all the balance in
type; there being also and occurring after said clause, and near
the end of the lease, a clause, all in pen and ink, in the follow-
ing words: " If either party elect to discontinue the lease, the
party electing so to discontinue shall give the other (6) six
months' notice prior to the time of expiration of lease;" *Held*,
To create a leasehold estate running from year to year, termin-
able only on six months' notice.

ERROR to the district court for Saline county.   Tried
below before MORRIS, J.

*Hastings & McGintie*, for plaintiffs in error, cited: 2
Parsons Contracts, 501.   *Thayer v. Lapham*, 13 Allen,
26.   *Robinson v. Payne*, 58 Miss., 690.   *Pratt v. Pratt*,
42 Mich., 174.   *Grant v. Dabney*, 19 Kan., 388.   *Rob-
ertson v. French*, 4 East., 130.

*Abbott & Abbott*, for defendant in error, cited: *Glass v.
Hulbert*, 102 Mass., 41.   *Osborn v. Phelps*, 19 Conn., 72.
*Elder v. Elder*, 10 Me., 86.   *McNaughlin v. Partridge*,
11 Ohio, 223.   *Hunt v. Rousmaniere*, 2 Mason, 342.

COBB, J.

The defendant in error, by his petition in the district
court, alleged that he then was, and at the time of making the
lease therein described was, the owner in fee simple of the
following lands in the county of Saline, to-wit: The south-
east quarter of section two, township six, north of range
three east; that on the 15th day of December, 1882, the

plaintiff leased said land to the defendants, by written lease, for the term of one year from the 1st day of March, 1883, to the 1st day of March, 1884, and no longer; that by the terms of said lease the plaintiff reserved, and the defendant agreed to give, the one-third part of all crops raised on said farm during said year, as rent therefor; that the defendant entered upon said land, under said lease, and cultivated the same during the cropping season of the year 1883, and delivered one-third of the crops then raised to the plaintiff, according to the terms of said lease; that the defendants, wholly disregarding the stipulations of said lease, confederating together and contriving to injure and defraud the plaintiff of his just rights in this behalf, refused, at the expiration of said lease, to surrender the premises to the plaintiff, as bound to do, and have hitherto refused, and now hold said lands without any right or authority and against the demands of the plaintiff.

On the 29th day of February, 1884, the plaintiff demanded possession of the premises by notice in writing. On the 3d day of March following, the plaintiff brought his action against them for possession of the premises, and prosecuted the same to final judgment, which was decided adversely to plaintiff. The plaintiff prosecuted proceedings in error to the district court, where the same is pending, but cannot be heard before the September term, 1884. That the defendants were cropping said land the season of 1884, that there is on the same 30 acres of wheat, 25 acres of oats, 80 acres of corn; that said crops are poor, for lack of proper cultivation; that there are 150 acres in cultivation on said land; that the cash rental thereof is not less than $450 per annum; that plaintiff has examined said crops lately, and believes the entire value will not exceed that sum; that the defendants are, and each is, utterly insolvent; that they, or one of them, have shifted property for the purpose of defrauding plaintiff, and it is believed that each of them would cover up or fraudulently convey property

to defraud the plaintiff in the premises; that they have threatened to appropriate the whole of the crop raised this year, and pay nothing for the use of the land, and plaintiff firmly believes that they and each of them intend to execute such threats, unless deterred by order of the court; that should the defendants deliver one-third of said crops, plaintiff would still be damaged by reason of poor husbandry in cultivating the same, and the unlawful withholding the possession of said lands, to the amount of $500.

The plaintiff claims his lien on the crops of 1884, for rent and damages, and applies for legal aid to enforce the same by injunction restraining defendants from disposing of the crops until the appointment of a receiver and the payment of his claim.

On which application an injunction was granted, on the 19th day of July, 1884, restraining defendants from disposing of their crops, and bond in $500 was required of and executed by plaintiff accordingly.

The lease of the parties for the premises described is as follows: Exhibit A:

"This indenture, made this 15th day of December, 1882, between James Flint, party of the first part, and Brady & Company, consisting of James Brady, John A. Brady, and James McWhorter, party of the second part. Witnesseth: That the said party of the first part, in consideration of the covenants of the said party of the second part hereinafter set forth, do by these presents lease to the said party of the second part the following described property, to-wit: The south-east quarter of section two (2), township six (6), range three (3) east of the sixth P.M., excepting one hay lot south of the house to be reserved by party of the first part, both parties to this lease to have privilege of corn stalks raised on said place, both parties also having privilege of pasture on the south-west quarter of said section 2, town 6, range 3, to have and to hold the same to the said party of the second part from the first

day of March, 1883, to the first day of March, 1884, and the said party of the second part, in consideration of the leasing the premises as above set forth, covenants and agrees with the party of the first part to pay the said party of the first part, as rent for the same, one-third part of all small grain raised on said place, to be delivered on the farm to the party of the first part at threshing time in the half bushel. Also one-third part of corn or other grain raised to be put in crib on the farm for party of the first part. The party of first part reserving one-half of hay lands, the other half to belong to party of second part. The said party of the second part further covenants with the said party of the first part that, at the expiration of the time mentioned in this lease, peaceable possession of the said premises shall be given to the said party of the first part in as good condition as they now are, the usual wear, inevitable accidents, and loss by fire excepted, and that upon the non-payment of the whole, or any portion of the said rent, at the time when the same is above promised to be paid, the said party of the first part may, at election, either distrain for said rent due, or declare this lease at an end, and recover possession as if the same was held by forcible detainer, the said party of the second part hereby waiving any notice of such election or any demand for the possession of said premises. And it is further covenanted and agreed between the parties aforesaid, if either party elect to discontinue the lease, the party electing so to discontinue shall give the other party six months' notice, prior to time of expiration of lease. The covenants herein shall extend to and be binding upon the heirs, executors, and administrators of the parties to this lease." Which was duly signed, sealed, and witnessed.

The notice to defendants is as follows:    Exhibit B :

"To James McWhorter and John Brady:

"I hereby notify you to leave the premises now occupied by you, to-wit:    The south-east quarter S. E. ¼ of section

two (2), town six (6), range three (3) east of the sixth principal meridan in Saline county, Nebraska.   If you fail to comply with this notice three days from its service, I shall institute legal proceedings to obtain possession of said premises.       Dated this 29th day of February, 1884." Signed James Flint, and duly served on defendants.

The defendants, by their answer, admit:

I.     That plaintiff was, on the 10th day of December, 1882, the owner in fee of the premises described, and has been hitherto ; also that the lease of said premises (a copy exhibited in the petition) was executed by the defendants, who, by virtue of the lease, went into possession and farmed the same during the year 1883, and duly paid the plaintiff all his rents therefor.

II.     They say that when the lease was executed it was drawn by a conveyancer mutually chosen by the parties, and, at the time, it was mutually agreed that the defendants should take and hold possession of the premises from year to year, for an indefinite period, subject only to the power of either of the contracting parties to discontinue the same by notice of their election to that effect six months' prior to the expiration of the current year in which such election should be made; and each of the contracting parties so instructed the conveyancer who prepared the lease, and the convey-ancer drew the lease of said premises in the terms of the copy attached to the plaintiff's petition, as follows:    "It is further covenanted and agreed between the parties afore-said, if either party elect to discontinue this lease, the party electing so to discontinue shall give the other party six months' notice, prior to time of expiration of lease."     And said conveyancer assured the defendants that said provision rendered said lease a continuing lease from year to year, until the six months' notice to discontinue the same should be given ; and accepting such assurance, and relying on such representation made by said conveyancer in plaintiff's presence and hearing, and assented to by him, these de-

fendants executed the lease and entered into possession of the premises, relying on the agreement of the plaintiff and the assurance of the conveyancer. The defendants say that no notice of the plaintiff's election to discontinue the lease was ever given or attempted to be given them by plaintiff, and only just prior to the expiration of the first year of said lease defendants learned that the plaintiff claimed that the lease was for one year only, and that he was about to bring his action of forcible entry and detainer for the possession of the premises, and subsequently served notice thereof, as in his petition alleged, which action is pending. They further say that, relying upon the agreement with plaintiff, and the assurance of the conveyancer so assented to by plaintiff, they remained upon the premises and farmed the same for the year 1884, in a good and farmer-like manner, and took all reasonable care of the premises and relinquished the same in good condition in March, 1885; and at the time of the commencement of this action there was no rent due from the defendants to the plaintiff. And defendants are, and at all times have been, ready and willing to turn over to the plaintiff all of his share of the crops of said premises during the year 1884, and to do and perform their agreement in that behalf.

III. The defendants deny the allegations herein not specifically admitted, and ask that said lease be made to conform to the agreement and intention of the parties, and be declared to be a lease from year to year until terminated by the notice therein provided, and that the plaintiff be enjoined from further proceedings in the action of forcibly entry and detainer, and that defendants be dismissed from further defense with their costs, etc.

The plaintiff demurred generally to the answer of defendants, which was sustained by the court, to which the defendants excepted.

There was a trial to a jury, with finding in favor of the plaintiff in the sum of $400. The defendants' motion

for a new trial being overruled, judgment was rendered on the verdict.

The defendants bring the cause to this court on error, and assigns the following reasons:

I.   The said court erred in appointing a receiver in said cause.

II.   The said court erred in refusing to dissolve the injunction allowed in said cause, as prayed for by plaintiffs in their motion to dissolve the same.

III.   The said district court erred in overruling plaintiffs' demurrer to defendant's petition in said cause.

IV.   That the said district court erred in sustaining defendant's demurrer to the 4th, 7th, 8th, and 9th paragraphs of these plaintiffs' first answer filed in said cause.

VI.   That the said district court erred in sustaining defendant's demurrer to the second count in the plaintiffs' amended answer to the defendant's petition in said cause.

VII.   That the said district court erred in admitting any evidence in said cause over these plaintiffs' objection, on the ground that defendant's petition therein failed to state any cause of action against these plaintiffs.

VIII.   That the verdict in said cause is not sustained by sufficient evidence.

IX.   That the said verdict is contrary to law.

X.   That the said court erred in instructing the jury in said cause to find for the defendant in error.

XI.   That the court erred in instructing the jury to wholly disregard the actual value of the premises described in defendant's petition, during the time they were alleged to have been wrongfully detained by these plaintiffs, and to consider only as to the amount for which defendant might have rented same, March 1, 1884.

XII.   That said district court erred in taking from the jury by its instructions all questions as to the unlawful detention of the premises described in defendant's petition therein.

XIII.   That said district court erred in excluding all testimony offered as to the actual value of the use of the premises during the time the same were occupied by these plaintiffs.

XIV.   That the court erred at the trial of said cause in striking out the testimony of the witness ·Brady, as to the actual value of the use of the premises described in defendant's petition during time same were occupied by plaintiffs after March 1, 1884.

XV.   That the court erred in refusing to give the one instruction requested by these plaintiffs at the trial of said cause.

XVI.   The said district court erred in rejecting the testimony of J. W. Wehn, Jr., as to the .circumstances and conditions surrounding the making of the lease in defendant's petition mentioned.

XVII.   That said district court erred in rejecting the testimony offered to show what was produced on said premises while plaintiffs held.the same after March 1, 1884, and the value of said produce.

XVIII.   That said district court erred in overruling plaintiffs' motion for a new trial in said cause.

It appears from the record. that, on the trial in open court, the parties waived the giving of written instructions, whereupon the· defendants asked the court to instruct the jury as follows:

"That if they find that the defendants ·wrongfully detained the premises mentioned in this cause, then they should assess the damages of the plaintiff at such sum as will cover the actual value of the premises to any one occupying the same and carrying on the farm during the year 1884, to March 1, 1885, which the court refused to give, to which refusal the defendant then and there excepted."

None of the instructions given to the jury appear of record.   Before any testimony was introduced on the part

of plaintiffs, the defendant objected to the introduction of any testimony, because the petition does not state any cause of action, which objection was overruled.

The 10th, 11th, and 12th assignments of errors cannot be considered, for the reason that the instructions of the court to the jury therein referred to, appear not to have been given in writing, and are not found in the record proper. They do, however, appear in the bill of exceptions, but the bill in this case having been settled by the clerk, and not being certified by the judge who tried the cause, the bill falls within the opinion of the court in the case of *Yates v. Kinney, ante* p. 648, wherein certain oral instructions contained in the bill of exceptions, but not specifically named in the judge's certificate to the bill, were, on motion, stricken out.

The sixth and seventh assignments will be considered together. The sixth refers to the sustaining of the plaintiff's demurrer to the second count of the defendants' answer. The second paragraph of the answer first sets out, in effect, that in preparing the lease of the premises involved in litigation, there was a mistake or error by the draughtsman, by which the lease failed to truly express the terms and meaning of the contract between the parties; and, together with the third paragraph, contained allegations of error and mistake in the preparation of said lease, with prayer for its reformation. Such is its purport and meaning under the liberal rules of construction which have been adopted by this court. The whole of the second paragraph is not confined to such allegations, but contains, in addition thereto, the important allegation that no notice of any election to discontinue said lease on the part of the plaintiff was ever given or attempted to be given to defendants.

Under these assignments will be considered the lease as set out in the petition. There is attached to the bill of exceptions what purports to be a *fac simile* of the lease,

in type letters and in writing, which was admitted at the argument as correct.

This instrument seems to have been executed on the ordinary printed blank form of lease for the term of one year. The clause fixing the term being, "to have and to hold the same to the said party of the second part from the first day of March, 1883, to the first day of March, 1884," all of the words being in print except the dates. At the close of the lease occurs the following paragraph in writing: "If either party elects to discontinue the lease, the party electing so to discontinue shall give the other party (6) six months' notice prior to the time of expiration of lease." These two paragraphs are inconsistent one with the other, and show upon their face accident or mistake by the parties in preparing the lease for execution, and, if brought to the attention of the court by proper pleading and evidence, presented a case for the reformation of the contract.

The clause of the answer referred to, by a liberal construction presented such a case, and was not amenable to demurrer.

The instrument not having been reformed, however, it is incumbent on us to construe its meaning, as the parties executed it. It will not be denied as a true rule that some meaning should be given to every word, sentence, and paragraph of a deed, as well as a statute, where the same can be done without violence to its general scope and meaning.

The general scope and purpose of this lease was to establish the relation of landlord and tenant between the parties in respect to the farm in question. Looking alone to the first paragraph, it would seem to have been their intention to limit the terms of that relationship to one year, but from the second paragraph, or regarding the two together, we are all of the opinion that there is evidence of an intention on the part of the makers of the instrument that, in order

to terminate the lease at the close of the first, or of any subsequent year, by either party, there should be six months' notice given to the other. Short of this, I know of no meaning to be ascribed to these words of the instrument.

Placing this construction upon the lease, it follows not only that the court erred in sustaining the plaintiff's demurrer to the defendants' answer, but that the petition fails to state a sufficient cause of action—that the plaintiff's demurrer should have been held to be fatal to his petition.

It will not be deemed necessary to examine the other errors assigned.

The judgment of the district court is reversed, and the cause remanded to the district court, with directions to overrule the said demurrer, and for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.