PHILIP L. FREDERICK ET AL. *vs.* JOSEPH DANIELS.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action to recover rent the defendant filed a counterclaim alleging that when he took possession the plaintiffs agreed to repair the house and put it in good order, that they had not fulfilled their promises, and that he had remained and paid rent as long as he did only because of the continual renewal of these promises by the plaintiffs. It appeared in evidence that the premises were leased by parol in 1897 for $12 a month, for no definite term, that the de-

fendant paid the stipulated rent until June, 1900, and that for nine months thereafter he had paid nothing. The court charged the jury that inasmuch as the lease was for one month only (General Statutes, § 2967), damages for a breach of the plaintiffs' agreement to repair must be confined to that month; and that to entitle the defendant to damages for a failure to repair after that month it was incumbent upon him to show a renewal of the original agreement for the subsequent months, or some of them. *Held* that these instructions gave the defendant no just ground of complaint.

Argued April 9th—decided June 6th, 1902.

ACTION to recover rent under an oral lease, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Hubbard, J.;* verdict and judgment for the plaintiffs for $73, and appeal by the defendant for alleged errors in the charge of the court to the jury. *No error.*

The plaintiffs by their bill of particulars claimed rent from June 22d, 1900, to March 21st, 1901, at $12 a month. As a second defense and counterclaim, the defendant alleged that when he commenced to occupy the premises in 1897 the plaintiffs agreed to repair the house, and put it in good order for defendant and his family to live in, as soon as the defendant would move into it. It appears to have been proved in the trial court, by uncontradicted evidence, that the plaintiffs leased the premises in question to the defendant by parol on the 21st of September, 1897, for $12 a month, " the lease being for no definite term," that the defendant thereupon commenced the occupation of the premises and continued such occupation paying the agreed rent until June 22d, 1900; that since said date the defendant has paid no rent, although he remained in occupation of the premises until March 21st, 1901, and until after he received notice to quit possession in summary process proceedings. This action is for the recovery of the agreed rent from June 22d, 1900, until March 21st, 1901.

In his answer and counterclaim the defendant alleges that he entered into the premises under a contract by which the plaintiffs agreed to repair the house and put it in good order for the defendant and his family to live in, as soon as the defendant would move in to protect the house, and that they

would furnish lumber to repair the barn, and furnish a good pump, and also represented and promised that the cellar of the house was and should be dry; that the plaintiffs failed to keep said promises, and the defendant remained in said premises and continued to pay rent, only because of the continual renewal of said promises by the plaintiffs; that the house and barn were out of repair and the cellar and house damp, whereby defendant's family became sick, and one of his children died, and defendant was caused great loss and expense. These allegations were denied by the plaintiffs.

The defendant offered evidence to prove. "that every time he paid the rent he demanded of the plaintiffs that they keep their agreement to repair . . . and that the plaintiffs continually promised to repair, but always neglected to do so."

The plaintiffs denied that they had agreed to repair, and claimed to have proved that the defendant at no time during his tenancy complained that the premises were out of repair, except as he requested certain repairs, which were made.

The defendant requested the court to charge the jury that if they found the allegations of the cross-complaint sustained by the evidence the defendant was "entitled to recover the difference between the value of the use of the premises as they were, and continued to be during such use, and as they would have been had they been as represented to be and as promised by the plaintiffs."

The court charged the jury, in effect, that since the lease to the defendant was for but one month, he was entitled, under the cross-complaint, only to the damages sustained during the first month of his occupation, by reason of plaintiffs' breach of contract, unless the alleged representations and promises were renewed, as an inducement to the defendant to continue in occupation during subsequent months, in which case he might recover the damage sustained, from a breach of such contract, during the months for which said promises were renewed; and that the rule of damages was "the difference between the value of the premises as they would have been if plaintiffs' representations and promises had been true and fulfilled, and the value in the condition in which they actually were."

The jury rendered a verdict for the plaintiffs for $73 and costs.

*Charles H. Fowler*, for the appellant (defendant).

*Bernard E. Lynch*, for the appellees (plaintiffs).

HALL, J. By the words "value of the premises," we suppose the court in its charge to the jury meant rental value or value of the use of the premises as used in defendant's request. Certainly the rule as stated by the court for determining the amount of damages for the period during which the defendant was entitled to damages, was as favorable to the defendant as that contained in his request.

Whether that rule is the correct one we have no occasion to decide. The defendant does not complain of the rule as laid down by the court as to the measure of damages during a given period, but to the statement of the court that under the alleged contract to repair, etc., made at the time of the leasing of the premises, September 21st, 1897, the defendant would only be entitled to damages sustained from a breach of such contract during the first month of the defendant's occupation of the premises, and that to entitle him to damages for a failure to repair, etc., after the first month, the defendant would be required to show a renewal of such contract for the subsequent months, or some of them.

The trial court committed no error in so instructing the jury. It was undisputed that the renting in September, 1897, was by a parol lease, reserving a monthly rent, in which the time of its termination was not agreed upon. By § 2967 of the General Statutes this was a lease for one month only.

The counterclaim does not allege that there was any agreement or understanding that the defendant was to occupy the premises more than one month, whether the plaintiffs made the repairs or failed to make them. In either event, the lease as described in the pleadings terminated at the end of one month, and the defendant might then properly have left the premises, had he chosen to do so, or the plaintiffs might have compelled him to quit possession by proceedings in summary process.

There is no allegation in the counterclaim that the original agreement of 1897 to make these repairs and which was to be performed immediately, was intended to apply to any possible occupation after the expiration of the lease for one month. It is not averred that the occupation, either during the nine months immediately preceding the 21st of March, 1891, for which rent is sought to be recovered by this action, or during any other period after the expiration of the first month of occupancy, was under the special agreement of 1897 to make certain repairs. On the contrary, the counterclaim alleges, in effect, merely that the defendant in 1897 entered into possession under the original contract to repair, but that he remained in occupation after the expiration of his lease because the plaintiffs renewed their promise to repair, and, apparently in support of his claim that under promises made subsequently to 1897 he was entitled to damages during his occupation after the first month, the defendant offered evidence to prove that the plaintiffs made this promise every time the defendant paid rent.

Even by his written request to charge, the defendant did not ask the court to instruct the jury that upon proof of the agreement to repair, made in 1897, he was entitled to recover the damages sustained during his occupation subsequent to the first month. The language of the request is, that the court should charge that the defendant was entitled to recover the damages claimed to have been sustained during such occupation, if the jury " find the allegations of the cross-complaint sustained by the evidence."

In view of the allegations of the counterclaim, to which we have referred, and of the facts as to the alleged renewals of the promise to repair, which the defendant claimed to have proved, we think the trial judge charged the jury substantially in accordance with the defendant's request, as he was justified in understanding it from its language, taken in connection with the pleadings and the facts which the defendant claimed to have proved, and that no injustice has been done the defendant.

There is no error.

In this opinion the other judges concurred.