JAMES A. PRICE *vs.* HATTIE E. RAYMOND.

Third Judicial District, Bridgeport, April Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A parol lease of lands reserving a monthly rent, with a provision that the lessee may remain in the premises paying rent so long as he desires to do so, is a lease in which the time of termination is not agreed upon within the meaning of § 4043 of the General Statutes.

Submitted on briefs April 21st—decided June 2d, 1908.

WRIT OF ERROR to reverse a judgment of a justice of the peace in an action of summary process, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* judgment for the defendant, and appeal by the plaintiff. *No error.*

*John C. Chamberlain*, for the appellant (plaintiff).

*Arthur M. Marsh*, for the appellee (defendant).

HAMERSLEY, J. The only question which we think the defendant is entitled to have considered upon this appeal may be stated thus: The admissions, denials, and aver-ments of the defendant's answer in the justice court to the complaint in summary process describe the lease under which the defendant claimed to have entered into posses-

sion of the plaintiff's premises as a parol lease reserving monthly rent containing an agreement that the lessee should remain in the premises paying rent so long as he should desire to do so. Upon demurrer to the answer, the justice court held and ruled as a matter of law that in the lease so described the parties did not agree upon the time of its termination, and that the lease was therefore a lease for one month only. Upon the writ of error the Court of Common Pleas held that the justice court did not err in making this ruling, and the correctness of this decision of the Court of Common Pleas is the only question we can consider.

Section 4043 of the General Statutes is as follows: " No holding over by any lessee, after the expiration of the term of his lease, shall be evidence of any agreement for a further lease; and parol leases of lands or tenements reserving a monthly rent, and in which the time of their termination is not agreed upon, shall be construed as leases for one month only."

In making a parol lease reserving a monthly rent, with a provision that the lessee may remain in the premises paying rent so long as he desires to do so, the parties do not agree upon the time of the termination of the lease within the meaning of § 4043. The intention of the statute is that a parol lease reserving a monthly rent shall be treated as a lease for one month when the lease is for no definite time. *Frederick* v. *Daniels*, 74 Conn. 710, 713, 52 Atl. 414; *Corbett* v. *Cochrane*, 67 Conn. 570, 576, 35 Atl. 509. The lease described in the defendant's answer is not a lease for a definite time.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.