NATHAN MARGOLIS vs. ISADORE WISE.

First Judicial District, Hartford, October Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A tenant who is occupying premises under an agreement that he is to vacate upon receipt of a notice of "six months more or less," cannot be dispossessed upon a notice of only ten or eleven days, but is

Margolis *v.* Wise.

entitled to one of substantially six months, the precise period being
determinable by the particular circumstances of the case.

In the present case the plaintiff, who had occupied the premises in ques-
tion for several years under a series of leases, each for the term of
one year, was informed near the close of a year that if he continued
to occupy thereafter it must be upon the understanding that he
would vacate upon sixty days' notice as his landlord did not wish
to tie up the property for a longer time. This was not satisfactory
to the tenant and he sought to obtain better terms; the landlord's
duly authorized agent finally wrote him that the landlord had no
present intention of disturbing him, and that when it was found
necessary to take possession, the landlord would give him "all
the notice he possibly can—six months more or less," and advised
him not to worry but to trust to the landlord. Thereafter, and
without further negotiation, the plaintiff continued to occupy the
premises for five years until July 1st, 1916, when a year ended.
On June 21st, 1916, the landlord having meanwhile died, his exec-
utor notified the plaintiff that he was liable to be asked at any
time to quit possession of the premises, and later notice to quit
on or before August 1st, 1916, was duly served upon him on July
21st, 1916, by the defendant, who had recently bought the property.
*Held:*—

1. That the lease was in writing and not oral and was for a definite
   term, and was therefore not within the provisions of General Stat-
   utes, § 4043, relating to leases from month to month.
2. That the plaintiff's occupancy and payment of rent without dissent,
   after the negotiations respecting notice had ended, constituted
   an acceptance upon his part of the terms of tenancy offered by his
   landlord.
3. That the notice as given could not, by any possibility, be construed
   as a compliance with the agreement of "six months more or less,"
   and the jury, therefore, in the action of summary process, should
   have been directed to return a verdict for the defendant, the present
   plaintiff in error.

Where the facts are not in dispute, the nature of a tenancy is a matter
for the court, and not the jury, to determine.

Submitted on briefs October 5th—decided December 19th, 1916.

WRIT OF ERROR to reverse an alleged erroneous judg-
ment of the City Court of Hartford, *Markham, Acting-
Judge,* rendered in an action of summary process.
*Error and judgment reversed.*

*John T. Robinson,* for the plaintiff in error.

*Albert C. Bill,* for the defendant in error.

WHEELER, J.   The bill of exceptions in this action of summary process recites the following facts: From July 1st, 1905, to July 1st, 1910, the plaintiff in error, Margolis, had been in the occupation of the premises of Mr. Goodwin under a series of written leases, each for the term of one year.   The last of these leases was at a yearly rental payable in monthly payments.   From July 1st, 1910, to July 1st, 1911, there was no written lease, but Margolis occupied the premises under a tenancy from year to year.

On June 27th, 1911, Whitmore & Son, the authorized agents for Mr. Goodwin, owner of the premises, sent Margolis the following letter: "In regard to renting you the premises now occupied by you at No. 54 Pratt Street belonging to Mr. James J. Goodwin, we beg to say that we have received a communication from his office, in which it is stated that, while Mr. Goodwin has no expectation of wanting the premises immediately, he feels that it is best not to tie them up for more than sixty days, and he has authorized us to rent the premises to you at $100.00 per month after the first of July with the understanding that you vacate at any time upon sixty (60) days' notice.   If you continue to occupy the premises after the first of July, 1911, at which time your present lease expires, it is with the understanding that you have no lease and are occupying the premises subject to the above conditions."

The terms of this letter were not satisfactory to Margolis, and he sought to obtain better terms.   On July 6th, 1911, Mr. Davis, the authorized agent for Mr. Goodwin, sent Margolis the following letter: "I have explained to Mr. Goodwin your position in regard to the conditions under which you occupy his property on Pratt Street.   He has given the matter careful con-

sideration and directed me to say to you that he has no present intention of disturbing you, and that whenever he finds it necessary to take possession of the property he will give you all the notice he possibly can—6 months more or less. My advice is that you trust Mr. Goodwin entirely and not worry over the matter. He will surely treat you with the utmost consideration and in my opinion you will receive all the notice you desire when the time comes. You will hear from Mr. Whitmore in regard to the back rent."

There were no further negotiations between the parties as to the terms of the tenancy, subsequent to the letter of July 6th, 1911, but Margolis continued to occupy the premises and paid rent at the rate of $100 a month down to July 1st, 1916. On June 21st, 1916, the executor of Mr. Goodwin notified Margolis that he was liable at any time to be asked to quit possession of these premises. The executors of Mr. Goodwin, by deed dated June 17th, 1916, and held in escrow until July 12th, 1916, on which date it was recorded, conveyed to defendant in error, Wise, these premises. On July 21st, 1916, Wise served upon Margolis a notice to quit possession on or before August 1st, 1916, and subsequently brought an action of summary process; and from the decision in favor of Wise, Margolis took his writ of error.

Upon the trial, Margolis claimed that he was occupying under a tenancy from year to year, with the possibility of its continuing for a period of six months, more or less, beyond the year; while Wise claimed that he was occupying under a lease from month to month. The court charged the jury that under § 4043 of the General Statutes, if they found a parol lease, a monthly rent, and no agreed time for the termination of the lease, that would constitute a lease from month to month.

This was a correct interpretation of the statute;

*Price* v. *Raymond,* 80 Conn. 607, 608, 69 Atl. 935; but we are of the opinion that the statute had no application to the case in hand, since the lease was not oral and it was for a definite term. The court further instructed the jury that it was for them to determine whether the tenancy was ·one from month to month, or one from year to year. The facts were not in dispute. It was, therefore, the duty of the court to determine the nature of the tenancy, and to direct a verdict.

In the year preceding July 1st, 1911, Margolis occupied under a tenancy from year to year. Before his term expired his landlord notified Margolis that if he continued in occupancy after the expiration of the term he would occupy upon a rental of $100 per month and with the understanding that he vacate upon sixty days' notice. Had Margolis accepted this proposition expressly, or continued in occupancy without further communication with his landlord, and paid the rent specified, his conduct would have constituted an acceptance, and in either case his continued occupancy would have been upon the terms of his landlord's proposal. *Miller & Co.* v. *Lampson,* 66 Conn. 432, 34 Atl. 79; 2 Tiffany on Landlord & Tenant, p. 1480, § 210; *Griswold* v. *Branford,* 80 Conn. 453, 455, 68 Atl. 987. And hence Margolis' occupancy would have been subject to discontinuance upon a sixty days' notice. However, Margolis did not accept the proposal of Mr. Goodwin, but the parties continued in negotiation. Manifestly while this situation of negotiation continued, Margolis could acquire no right to the continued occupancy of the premises. The negotiation resulted in a concession upon the part of the landlord upon the point in controversy, viz., the extension of the notice to vacate. The landlord, by a. subsequent letter, informed Margolis that he would give him "all the notice he possibly can—6 months more or less." This letter

was not a withdrawal of the proposition contained in the earlier letter, but a confirmation of it, except as to the notice to vacate, which was changed from a sixty days' notice to vacate to a six months', more or less, notice to vacate. The occupancy and the payment of rent by Margolis thereafter without dissent, constituted an acceptance upon his part of the terms of occupancy submitted to him by his landlord. *Horton* v. *Cooley,* 135 Mass. 589; *Griffin* v. *Knisely,* 75 Ill. 411. He could not be dispossessed unless he were first given the notice provided, "six months more or less." That meant not literally a period of six months, but a period of substantially six months; the precise duration of the period must be determined by the particular circumstances of the case. *Brady* v. *Flint,* 23 Neb. 785, 37 N. W. 647; *Roth Tool Co.* v. *Champ Spring Co.,* 93 Mo. App. 530, 67 S. W. 967. Wise served upon Margolis, on July 21st, 1916, a notice to quit possession of these premises on or before the 1st day of August. This notice could not by any possible set of circumstances be construed as the "6 months more or less" notice of the contract of tenancy.

Margolis was entitled to the direction of a verdict for him as requested by his counsel.

There is error and the judgment is reversed.

In this opinion the other judges concurred, except THAYER, J., who dissented.