SUSIE SASSO v. HERBERT L. MOELLER ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

246

Argued March 2d—decided April 8th, 1938.

*Daniel L. O'Neill,* with whom was *J. E. McNerney,* for the appellants (defendants).

*Joseph Schelnitz,* for the appellee (plaintiff).

AVERY, J. This case was tried to the jury and resulted in a verdict for the plaintiff. The defendants' motion to set the verdict aside was denied by the trial court and they have appealed. The only question involved is the action of the trial court in refusing to set aside the verdict. The complaint alleged and the answer admitted that on June 10th, 1934, and for about three months prior, the plaintiff was a tenant of premises 642 Congress Avenue, New Haven, owned by the Moeller estate, of which the defendants were trustees, and that the premises were rented to the plaintiff by verbal lease from month to month. From the evidence, the jury might reasonably have found these facts: A minor son of the plaintiff, acting as her agent, arranged for the renting of the tenement, and the plaintiff, with her family, moved in to the apartment about April 1st, 1934. At that time a doorknob on a door opening from the apartment to a back hall stairway was loose and practically coming off. The plaintiff observed this condition and informed one of the defendants who was acting as agent for the others

that she would not move in. Thereupon, he promised to make repairs to the doorknob and she moved in. Thereafter, the repairs were not made and she again complained, in May of the same year, and upon another occasion. On each occasion, the agent of the defendants promised to repair the doorknob. The jury might also have found that several times during the occupancy, the plaintiff's husband, acting as her agent, complained to the agent of the defendants and threatened that no further rent would be paid unless the doorknob was repaired and that the agent of the defendants promised to make such repairs. On June 10th, 1934, as the plaintiff was closing the door the knob became severed and the plaintiff was precipitated down the stairs and injured. From the evidence the jury might reasonably have found that there was a valid contract to repair by the landlords and that they negligently failed to make the repairs, and the plaintiff was thereby injured.

The only claim of the defendants upon this appeal is that the tenancy having been from month to month, the agreement to repair would hold only during the month of April and the plaintiff having not been injured until June 10th, the defendants could not be held upon the original agreement. The defendants rely upon *Frederick* v. *Daniels*, 74 Conn. 710, 714, 52 Atl. 414. This was an action to recover rent in which a counterclaim was filed alleging that when the tenant took possession the plaintiffs agreed to repair, that they had not done so, and that the tenant had remained and paid rent because of the continual renewal of this promise by the plaintiffs. It appeared that the premises were leased by parol for a stipulated sum per month for no definite term, that the defendant paid the stipulated rent for a time and thereafter for nine months paid nothing. The court instructed

the jury that inasmuch as the lease was for one month only, damages for a breach of the plaintiff's agreement to repair must be confined to that month, and that to entitle the defendant to damages for a failure to repair after that month it was incumbent upon him to show a renewal of the original agreement for the subsequent months or some of them. In that case we held that inasmuch as the counterclaim did not allege that there was any agreement that the defendant was to occupy the premises more than one month whether the plaintiffs made the repairs or failed to make them, the lease as described in the pleadings terminated at the end of the month, and that in view of the pleadings, the claims of the parties and the request of the defendant, no injury had been done to the defendant by an instruction of the trial court to the jury, in effect, "that since the lease to the defendant was for but one month, he was entitled, under the cross-complaint, only to the damages sustained during the first month of his occupation, by reason of plaintiffs' breach of contract, unless the alleged representations and promises were renewed, as an inducement to the defendant to continue in occupation during subsequent months, in which case he might recover the damage sustained, from a breach of such contract, during the months for which said promises were renewed." See also *Stevens* v. *Yale*, 101 Conn. 683, 693, 127 Atl. 283.

In the instant case the defendants claim that the promise to repair made to the plaintiff was without consideration in that it was made after the lease had been agreed upon. It is unnecessary to decide the question raised by this claim because there was evidence from which the jury could reasonably have found that after the plaintiff had moved in, and in the month of May the plaintiff's husband, acting as

her agent, threatened to pay no more rent unless the defendants would repair, and that the defendants' promise to make repairs was the inducement for the renewal of the lease for the month of June. Under the circumstances the trial court did not err in refusing to set aside the verdict.

There is no error.

In this opinion the other judges concurred.