The plaintiff seeks to recover a sum alleged to be due for rent. After receiving notice from the plaintiff that the rent would be increased from $150 to $200 a month, the defendant continued to occupy the premises for a period of four months. The defendant's claim that he was in possession under a lease for one year at a rent of $150 per month is not sustained by the evidence, and it is found that at the time the defendant received the notice of an increase in the rent he was a tenant from month to month, paying a monthly rental of $150. The question presented is whether the defendant is liable at the rate of $200 a month for the period during which he continued in possession after receiving the notice of increase.
The defendant occupied the premises for more than ten years, during much of the time under a series of one year leases, the rental never exceeding $150 a month. When the plaintiff acquired dominion over the property, the premises were in a poor state of repair, and the defendant, after an understanding with the prior owner, had undertaken an obligation to make substantial repairs with a view to his continuance in possession, under an arrangement which he believed to be a lease for one year. When the plaintiff notified the defendant of an increase in the rent, the defendant refused to pay the increase and asserted that his tenancy was under a lease for a year.
An obligation to pay rent arises either as a result of a contract *Page 328 
or a reservation in a conveyance. 2 Tiffany, Landlord and Tenant (1910) § 211. The contract giving rise to the obligation need not be express and may be one which is implied from the circumstances, but unless a contract can be found to exist, the liability of the tenant is in assumpsit for use and occupation.
"A contract for a different rent has been held to arise when the landlord notifies the tenant that if he holds over he must pay an increased rent, and the tenant makes no reply and does hold over, this being regarded as an acceptance of the landlord's proposition. If, however, the tenant protests against such increase, there can, by the cases generally, be no implication
of assent by him, and no greater rent can be demanded than before. Occasional decisions and dicta to the effect that even if the tenant objects to the payment of the increased rent, he will be liable therefor so long as he retains possession, are objectionable, as in effect imputing to the tenant an intention which he has expressly disclaimed, and as enabling the landlord to fix a penalty of any amount for a wrongful holding over by the tenant." 2 Tiffany, Landlord and Tenant (1910) § 210.
The rule as stated by Tiffany has received the approval of our Supreme Court in Margolis vs. Wise, 91 Conn. 152, although the question of the amount of the rent was there not involved. Before the expiration of the term, the landlord notified the tenant that if he continued in occupancy the rent would be at the rate of $100 a month and that he must vacate on 60 days' notice. (P. 156): "Had Margolis (the tenant) accepted this proposition expressly, or continued in occupancywithout further communication with his landlord, and paidthe rent specified, his conduct would have constituted anacceptance, and in either case his continued occupancy would have been upon the terms of his landlord's proposal." (Citing Tiffany.) After a new proposal by the landlord (p. 157), "the occupancy and payment of rent by Margolis thereafterwithout dissent, constituted an acceptance upon his part of the terms of occupancy submitted to him by his landlord."
While the courts in other jurisdictions are not in accord on the question, many decisions sustain the view expressed by Tiffany. Arnold Realty Co. vs. Toole Co., 46 R.I. 204; Atkinsonvs. Cole, 16 Colo. 83; Abrams vs. Sherwin, 269 Pa. 31;Colyear vs. Tobriner, 7 Cal.2d 735; 2 Thompson, Real Property (1924), § 1607. *Page 329 
In an extensive annotation in 109 A.L.R. 197, appears the following comment (p. 198), which supports the same view: "The doctrine, as recognized in some of the cases, that a tenant who holds over after being notified of an increase in rent for the succeeding term, or rent period, becomes liable to pay the increase demanded, whether he actually assents thereto or not, and notwithstanding his objections and protests, is founded on the idea that a landlord is absolutely entitled to fix the terms upon which his property may be held by another. The contrary view is founded upon the idea that the law should not imply a promise contrary to obvious reality, and that justice is done by permitting the landlord to recover the reasonable value of the tenant's unauthorized occupancy, where he does not desire, or may not be permitted, to hold the tenant for a new term, or period, at the formerly established rent. It seems clear that the latter doctrine is the safer one, as applied to all cases, since under the former a court will sometimes find itself called upon to enforce demands which are wholly exorbitant and ruinous to the tenant. Moreover, the parties may have become involved in a bonafide dispute as to the tenant's right of further occupancy, so that, under the rule giving absolute effect to notices of rent changes (where the tenant has in fact no further right of occupancy), the tenant is in effect subjected to an unfair penalty upon its being adjudged that he was unjustified in continuing in possession."
Hence, where there is no express assent and a tenant continues to occupy premises after being notified by the landlord of an increase in rent, and the circumstances are such as to warrant an implication that the tenant has accepted the landlord's proposal, the liability of the tenant is to pay rent at the increased rate. But where there is no express assent to the increase and the circumstances are such as not to warrant an implied acceptance by the tenant of the landlord's proposal, the liability of the tenant is for payment of the reasonable value of the premises, which may be greater than the rate theretofore paid by the tenant, if such be found to be the fact.
Here not only did the defendant refuse to pay the increase demanded by the plaintiff and communicate his refusal to the plaintiff, but the defendant's entire course of conduct negatives any implication that he assented to the terms of the plaintiff's proposal.
Upon the evidence presented it is found that the value of *Page 330 
the premises was not in excess of $150 per month; that the defendant has at all times been willing to pay this sum; and that the plaintiff, by his conduct, waived a legal tender thereof.Tracy vs. O'Neill, 103 Conn. 693, 699.
 Judgment may enter for the plaintiff to recover $300 damages, without costs, and for the defendant to recover costs.