[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO REARGUE
In addition to the reasons given in my February 18, 1997 memorandum of decision, the instant case is distinguishable fromDiCostanzo v. Tripoli, 137 Conn. 513, 515 (1951), on which the defendant relies, and from the cases cited in DiCostanzo —Welk v. Bidwell, 136 Conn. 603 (1950), and Wittenberg v. Brown,6 Conn. Sup. 326 (1938) — in that here, the rent did not have to be agreed upon, expressly or implicitly, each month. Rather paragraph 20 of the lease[1] fixed the rent for every month during which the defendant held over. In the context of these facts, the plaintiff's demand for increased rent was, at best, an offer which the defendant was free to reject, and did. This, however, left the rent which had been fixed pursuant to paragraph 20, as well as the month-to-month tenancy itself, extant.
Moreover, if the "lapse of time" ground in the notice to quit were invalid as the defendant claims, the first ground stated in the notice to quit would be valid: "You originally had the right or privilege to occupy such premises but such right or privilege has terminated."
The motion to reargue is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court