THOMAS W. CORBETT *vs.* AGNES COCHRANE.

Third Judicial District, Bridgeport, April Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

In an action to recover rent, the defendant alleged in the first paragraph of her defense that she had occupied the premises under a "special agreement" between herself and the plaintiff. Subsequent paragraphs averred that at the time the premises were leased, the plaintiff promised and agreed to make certain repairs, that he had broken this agreement, and thereby the defendant's merchandise and household goods had been damaged to an amount greatly in excess of the rent due. The plaintiff admitted the truth of the first paragraph, but denied all the other allegations of the defense. Upon the trial it was substantially agreed that the lease was to be for a term of years, and that after the defendant had taken possession a lease for this term was presented to her which she failed to sign; but that she continued to occupy and pay the stipulated monthly rent (except that for the last month) for eighteen or twenty months. The trial court instructed the jury that inasmuch as the original agreement for a term of years was by parol, it could not be enforced, and the lease had become, by virtue of § 2967 of the General Statutes, one from month to month; and that any agreement of the plaintiff as to repairs would not extend beyond one month. *Held* that this instruction, which practically gave the case to the plaintiff, required the jury to try the cause upon an issue not embraced by the pleadings, and to sustain a claim of the plaintiff inconsistent with his own admission. *Held* also, that as the time the lease was to run was fixed by the parties, it could not be said to fall within the fair intent and meaning of the statute as a lease in which no termination was agreed upon, and that the charge was erroneous for this reason.

Where the lessee has taken possession under such a lease as existed in the

case at bar, it creates a tenancy at will, which by implication is held to be a tenancy from year to year; and in such case a contract made at the time of letting, between the lessor and tenant, may constitute throughout the tenant's possession a valid special agreement under which the occupancy is held.

To constitute a lease from month to month, under § 2967 of the General Statutes, three things are requisite: a parol lease, a monthly rent, and no agreed time for the termination of the lease.

[Submitted on briefs April 29th—decided May 14th, 1896.]

ACTION to recover rent, brought originally before a justice of the peace, and thence by the defendant's appeal to the Court of Common Pleas in New Haven County, and tried to the jury before *Hotchkiss, J.;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors in the rulings and charge of the court. *Error, new trial granted.*

The case is sufficiently stated in the opinion.

*Arthur C. Graves*, for the appellant (defendant).

The court erred in charging the jury that if the contract for a lease and occupation of the premises was in parol reserving a monthly rent, and the time of the termination was not agreed upon, all the provisions, conditions and limitations of this parol lease expired with the parol lease at the end of the first month. *Bacon* v. *Brown*, 9 Conn., 334; *Strong* v. *Crosby*, 21 id., 398. A parol lease for a term of years being void by the statute of frauds, the tenancy, if continued beyond a year, becomes a tenancy from year to year. *Larkin* v. *Avery*, 23 Conn., 304, 316; *King* v. *Woodruff*, ibid., 56; *Lockwood* v. *Lockwood*, 22 Conn., 425; Taylor's Landlord and Tenant, § 56, and cases there cited; 1 Wash. on Real Prop., 602, 603; *People* v. *Darling*, 47 N. Y., 666. As long as the defendant did in fact remain in possession of the premises, and was allowed to so remain by the plaintiff, and as long as the plaintiff did not exercise his right to regain possession, she held under the same terms as those under which she entered.

*Charles H. Fowler* and *Grove J. Tuttle*, for the appellee (plaintiff).

The charge was correct. The defendant refused to sign a

lease as agreed upon. No other contract was made. There existed no contract whatever between the parties. A monthly rent was reserved and there was no evidence of renewal of a lease from month to month. General Statutes, § 2967. The parol lease expired with the month, and if the defendant refused to execute a lease and refused to make a new contract, either express or by implication, the plaintiff owed her no duty whatever. She occupied for the month only, and must pay for such use and occupation.

FENN, J. This action came to the Court of Common Pleas in New Haven county, by appeal from a justice of the peace. The complaint contains only the common counts. The bill of particulars embraces four items, which, with interest claimed, amount to $59.08. The first and principal charge is "1 mo. rent $50.00." Two defenses were filed: first, a general denial; second, a special answer, as follows:—

" Par. 1. On and for a long time prior to November 15th, 1893, the defendant, under a special agreement between her and the plaintiff, occupied the plaintiff's store and a living apartment over said store, as his tenant. Par. 2. Said store was occupied and used by the defendant as a millinery and ladies' furnishing store. Par. 3. At the time of leasing said premises by the plaintiff to the defendant, the plaintiff represented and maintained to the defendant that the said premises were in a good, tenantable and habitable condition, and agreed to keep them tenantable and habitable during their occupancy by the defendant. Par. 4. Said premises were not in good, tenantable and habitable condition at any time during the defendant's tenancy, in that the windows in said store were not properly and suitably built and kept in repair, so as to prevent the rain from entering within said windows, nor was the roof properly built and maintained in repair so as to prevent the rain and water from entering thereunder; nor was the furnace of said building so properly built, constructed and kept in repair as to prevent great quantities of smoke from issuing therefrom and filling the entire store and premises with smoke and dust. Par. 5. On divers days

Corbett v. Cochrane.

between the 15th day of April, 1892, the date of the first occupancy of said premises by the defendant, and the 15th day of October, 1893, the defendant suffered great and extensive damage to her goods, wares, and merchandise, to wit: her household furniture and carpets in the apartments above the store of said premises, and likewise to the goods, stock and merchandise contained in the store of said premises, and all in consequence of the untenantable and uninhabitable condition of said premises, that is to say, by the leaking of the roof of said house and the leakage of the windows in said store of said premises, and likewise by the issuance of great volumes of smoke from the furnace of said building, all of which was to the damage of the defendant in the sum of $500. The defendant claims $500 damage."

The reply admitted paragraphs one and two of said special defense, and denied every other allegation thereof. Upon the issues thus raised the case was tried to the jury, which returned a verdict, accepted by the court, for substantially the full amount of the plaintiff's demand.

The defendant has assigned seventeen reasons for her appeal to this court; eleven in reference to the admission or exclusive of evidence, six in regard to the charge of the court to the jury. Most of these assignments appear to us clearly groundless; some however, have weight. But these latter, with a single exception, present questions so peculiar not alone to the present case, but to the unusual character of the trial had of such case—questions therefore neither of general interest, nor likely to arise again upon another trial of this action—that we deem it unnecessary to enter into a discussion of them ; since upon the one ground, to which we have referred, and for the reason which we will proceed to indicate, a new trial should be granted.

The plaintiff claimed the item of $50, above referred to, was due him for one month's rent from October 15th to November 15th, 1893, of a certain store and a tenement over it, each having been rented to the defendant for $25 per month, and occupied by her; the tenement from March 15th, 1892, and the store from April 15th, 1892.

There was no dispute concerning such occupancy, the amount of rent agreed upon, or that it had all been paid until the last month, or that the rent for the last month had not been paid. The court in its charge to the jury said: "The most important question in the case is the question set up in the defendant's answer, claiming damages by reason of the plaintiff's failure to keep his agreement made at the time when the lease was a matter of conversation between the defendant and the plaintiff. Upon that question the defendant assumes the affirmative to prove her allegations." The court then added that she claimed to have proved them, and reviewed the evidence tending to that effect. The court then proceeded to say that it was stated, and the parties did not disagree, that the agreement as to the lease in this case was that it was to be for three or five years, or three years with the privilege of five; but that though a written lease was prepared by the plaintiff and presented to the defendant on one or more occasions after the defendant had entered into possession, the same was not signed, and as a monthly rent was reserved or agreed to be paid, it became a lease from month to month, liable to be terminated at the end of any month by either party; that under the law, in the absence of an express agreement, the landlord is not bound to make repairs, and no subsequent agreement will make him liable. The court added: "As I have already said, if the fact is so that she (the defendant) went in there under an agreement for a lease for three or five years, or three years with the privilege of five, that agreement could not be enforced, and it becomes a simple occupancy from month to month, liable to be terminated by either at their pleasure at the end of any month; and under those circumstances any agreement made by Mr. Corbett in regard to repairs, would only last as long as there is a valid lease between them, or a valid occupation, which would be for the term of one month. And if he made a subsequent agreement on condition that she would remain, that would be merely binding for the length of the legal lease, which would be for one month." Finally, upon this point, the court further charged the jury in the language of

the plaintiff's requests: "Upon the evidence, *first*, if the contract for a lease and occupation of the premises was in parol, reserving a monthly rent, and the time of its termination was not agreed upon, all the provisions, conditions and limitations of this parol lease expired with this parol lease at the end of the first month."

We think the court erred in thus charging the jury, for two reasons: *First*, it presented to them—and as substantially decisive of the case in the plaintiff's favor—an issue which could not properly arise under the pleadings, and, in effect, required the jury to find for the plaintiff, because the defendant had failed to prove what the reply to the special answer admitted. By referring to that answer—herein recited—it appears that the two admitted paragraphs expressly state the defendant's occupancy of the premises "on and for a long time previous to November 15th, 1893," was under, "a special agreement between her and the plaintiff." In subsequent paragraphs of the answer, referring to the time of leasing the premises, the alleged promises and representations of the plaintiff are averred as having then been made. The injury resulting to the defendant, for which she claims damage, is then stated as having taken place "between the 15th day of April, 1892, the date of the first occupancy of said premises by the defendant, and the 15th day of October, 1893." Every allegation in these paragraphs subsequent to the first two, is denied. But it is evident that such denial could not reasonably be understood as contesting that concerning which the court itself declared to the jury: "These facts, as I understand it, are not disputed by either party. They agree as to the dates when she took possession of both the tenement and the store, and when she vacated." This being so, the distinct question presented by the allegations and denial was this: There being an admitted valid special agreement under which the defendant entered into possession of the premises, and under which she occupied them throughout, by reason of which the plaintiff claimed and was admitted to be entitled to the agreed rent of $50 per month, concerning which the court also said: "To the

claim of the plaintiff for one month's rent—or that on the 15th day of November, 1893, one month's rent, amounting to $50, was due from the defendant—there doesn't seem to be any dispute ;"—this, we repeat, being so, the question was, did the special agreement embrace the representation and promise stated? This the defendant clearly alleged, and sought by her evidence to prove. This the plaintiff as clearly denied in his reply, and contested by his evidence. To make the case, therefore, turn upon the want of binding effect of such promise upon the plaintiff, if in fact made; to tell the jury as the court did, that the defendant was bound to prove by a fair preponderance of evidence that the plaintiff did make this agreement prior to her taking possession, and then tell them that if, as admitted, the agreement was by parol, it only lasted " as long as there is a valid lease between them, or a valid occupation, which would be for the term of one month ;" —to do this is to compel the jury to try the case upon an issue not embraced in the pleadings, to sustain a claim of the plaintiff inconsistent with his own admission. And if the law be as was stated, the charge for this reason was erroneous.

But it was, as we think, also erroneous for another reason. The finding shows, and the court said to the jury, that the parties agreed that the lease was to be for three years with the privilege of five. After the defendant entered into possession, a written lease was presented to her by the plaintiff, but was not signed. Then the only lease in fact was by parol, and a monthly rent was reserved or agreed to be paid. The court stating this, concluded, as we have seen, that by virtue of General Statutes, § 2967, it became a lease from month to month. But such is not the statute. To be a lease for a month only, three things must concur—the court refers to but two : the lease must be by parol, a monthly rent reserved, and the time of termination must not be agreed upon. The court made no reference to this last essential, except in the most incidental way in repeating one of plaintiff's requests. It seems to us that a lease running for a fixed time could not well be considered one which had no agreed time of termination, within the fair intent and meaning of the statute. Such

a lease as the present, where the lessee has taken possession under it, creates a tenancy at will, which by implication is held to be a tenancy from year to year; and it is sufficient for the purposes of this case to say, where such a tenancy exists, a contract made between the landlord and tenant, at the time of the letting, may constitute throughout the continuance of possession by the tenant, what the reply to the defendant's answer admitted to exist in this case, a valid special agreement under which such occupancy was held. *Larkin* v. *Avery et al.*, 23 Conn., 304.

There is error and a new trial is granted.

In this opinion the other judges concurred.