SAMUEL A. GRISWOLD *vs.* THE TOWN OF BRANFORD.

Third Judicial District, Bridgeport, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

While an oral lease for a term of years at a stated annual rent is not actionable under the statute of frauds, the parties may nevertheless conform to it and thus create a tenancy in fact, having reference to the lease, which by implication of law becomes one from year to year; and therefore if the tenant, with the acquiescence of the landlord, continues in possession for several months after the expiration of the original term, as he did in the present case, a tenancy for another year will thereby be created with a corresponding liability upon the part of the tenant for a full year's rent.

The measure and extent of the tenant's liability would be the same, whether his continued occupancy had reference to the original oral lease or to a subsequent one just like it, which was made as the first was about to expire.

A recovery of such rent may be had under a complaint alleging a parol lease for one year, the entry and occupation of the tenant thereunder, and the nonpayment of any portion of the rent.

In this State the payment of rent is not essential to the creation of a tenancy from year to year by implication of law resulting from a tenancy pursuant to a parol lease, which, being for more than one year, is within the prohibition of the statute of frauds. The only significance of such payment and receipt, aside from its periodicity, is found in its recognition of a tenancy of some sort under the invalid lease, and this recognition may well be sufficiently disclosed by evidence of other acts and conduct of the parties.

General Statutes, § 4043, declares that no holding over by a lessee shall be evidence of an agreement for a further lease. *Held* that this

did not prevent a tenancy from being proved by other recognized means.

Argued October 22d, 1907—decided March 3d, 1908.

ACTION to recover rent, brought to and tried by the Court of Common Pleas in New Haven County, *Bennett, J.;* facts found and judgment rendered for the plaintiff for $420, and appeal by the defendant. *No error.*

The plaintiff sought to recover the agreed rent of certain premises for the year beginning October 1st, 1899. He set up a parol lease for that term, and alleged that the defendant entered into possession under it, continued in possession through the term, and had paid no rent. The defendant pleaded a general denial and the statute of limitations.

Prior to October 1st, 1897, the parties entered into a parol agreement whereby the plaintiff undertook to lease and the defendant to hire the premises for the term of two years from said October 1st, at an annual rental of $300 payable annually at the end of each year. The defendant thereupon went into occupation on said day and continued in such occupation throughout the two-year period, and paid the agreed rent at the end of each year as stipulated. Before the period had expired a new parol agreement, embodying precisely the same terms and for the same time was made, and the defendant continued its possession confessedly until January 1st, 1900, and as the plaintiff claims, until May, 1901. The premises were hired and used for the purposes of the Town Court. On December 31st, 1899, the selectmen gave written notices to the plaintiff and the officers of the court that on and after January 1st, 1900, its sessions would be held in the town hall, and that, as was the fact, suitable accommodations had been provided there. On January 1st the defendant removed from the plaintiff's building substantially all of its furniture, but the judge of the court continued to hold its sessions there until May 1st, 1901. No rent was paid after October 1st, 1899. The action was begun September 28th, 1906. Judg-

ment was rendered for $300 as the rent for one year from October 1st, 1899, with interest thereon from October 1st, 1900.

*Edward H. Rogers*, for the appellant (defendant).

*William B. Arvine*, with whom was *E. P. Arvine*, for the appellee (plaintiff).

PRENTICE, J.   Prior to October 1st, 1897, these parties entered into a parol agreement whereby the plaintiff under-took to lease the premises in question to the defendant for the period of two years from and after said October 1st, for an annual rent of $300 payable at the end of each year. The defendant thereupon, on said date, entered into posses-sion of the premises and thereafter remained in possession thereof until January 1st, 1900, if not later.   The amount of rent in said parol agreement stipulated to be paid, was paid as agreed for each of the two years succeeding Octo-ber 1st, 1897.   Beyond question, therefore, the defendant became a tenant from year to year, and remained such ten-ant down to October 1st, 1899.   The recited facts disclose a lease not actionable by the statute of frauds, an entry into possession under it, and the payment and acceptance of the stipulated annual rent, thus satisfying even more exacting conditions than those contended for by the de-fendant as necessary to create by implication of law a ten-ancy from year to year, and more exacting ones than our law requires.   *Lockwood* v. *Lockwood*, 22 Conn. 425, 433; *Larkin* v. *Avery*, 23 id. 304, 316; *Corbett* v. *Cochrane*, 67 id. 570, 577, 35 Atl. 509.   When, therefore, the defend-ant, with the acquiescence of the plaintiff, remained in pos-session after October 1st, 1899, as it confessedly did, a ten-ancy for a new year commencing on that date was created, unless a new and different situation arose from the second parol agreement and the conduct of the parties under it. 1 Washburn on Real Property, § 797; 4 Kent's Comm. 115; 1 Taylor on Landlord & Tenant, § 55.   If this ineffective

agreement and subsequent conduct was barren of legal results, the accountability of the defendant to the plaintiff for the amount of rent for which judgment in this case was rendered, and for that amount covering the precise period described in the complaint, follows. And judgment for that amount might, under those conditions, have been rendered upon the present complaint, although it avers a lease by parol for one year, made on or about October 1st, 1899. The facts do not, indeed, show a technical lease of any kind, or that the parol lease was one for the expressed period of one year from that date, but they do disclose a tenancy with an obligation to pay an agreed rental of $300, and that the tenancy was one for the year in question, all as the result of the acts of the parties. *Larkin* v. *Avery*, 23 Conn. 304, 316. Acts and contracts may be stated according to their legal effect, and immaterial variances are not to be regarded. Practice Book, 1908, p. 244, § 144, p. 245, § 149.

The defendant is thus placed in the position where, as one of the conditions of any successful defense he may interpose, he must establish a new tenancy beginning October 1st, 1899. Counsel appear to have been unmindful of the full significance of the pre-existing relation of the parties as bearing upon both the incidental question as to whether the defendant's continued possession was under a new tenancy sufficiently established, or under a mere continuance of the term of the old one, and upon the ultimate question of the plaintiff's right to recover the $300 rental for which judgment was obtained. The plaintiff's counsel approaches the question at issue as though the parol agreement of 1899 was the first significant fact in the record, and upon the assumption that the possession after October, 1899, was so clearly referable to it that there would be attached to that possession the same importance as would have been attached to an original entry. The defendant's counsel likewise looks to the events of 1899 as determining the relations of the parties, but urges that there is a distinction not to be lost sight of between an entry and a continuance

in possession as evidencing a holding under a tenancy having its origin in an agreement ineffective in itself.

Approaching the question at issue in the manner thus indicated, the plaintiff claims that the defendant's possession after October 1st, 1899, following the new parol agreement, created a new and independent status. This status, he says, was that of a tenancy from year to year. The practical result of this claim is that while the origin of the tenancy after October 1st, 1899, is found in the events of that year, the character and incidents of the tenancy are precisely the same as would have resulted from the defendant's occupancy had there been no attempt to make a renewal lease. The defendant's position with respect to the question of the creation of a new tenancy referable to the new agreement is not definitely stated, although the inference to be drawn from the distinction he makes between a continued occupancy and a new entry would seem to indicate that it was that no such new tenancy came into existence. His main contention, however, is that whatever new tenancy may have been created by the events of 1899, it was one at will and not one from year to year.

We have already observed that a successful defense involves the establishment by the defendant of two propositions, to wit: (1) that the defendant's possession after October 1st, 1899, was under a new tenancy of some sort, and (2) that this tenancy was, to say the least, not one from year to year. If it be assumed, as the plaintiff claims and the defense requires, that a new and independent tenancy originated in the events of 1899, the question remains as to its character. The defendant urges that it was one at will, since no rent was paid for any occupancy or period after October 1st, 1899. His contention is that the payment of rent must concur with possession by the lessee under a term lease in violation of the statute of frauds, in order that a tenancy from year to year be created by implication of law, and that without such payment the tenancy will be regarded as one at will. Whatever the rule may be elsewhere, such is not the law of this jurisdiction.

Tenancies from year to year by implication are the results of judicial legislation as a measure of equity and sound policy. 1 Washburn on Real Property, § 797. In this State the long-established rule is that when parties make an oral lease of lands reserving rent, which lease is non-actionable by reason of the statute of frauds, and the lessee thereafter enters into possession under the lease, there results a tenancy which under ordinary conditions at least will by implication of law be regarded as one from year to year. *Larkin* v. *Avery*, 23 Conn. 304; *Corbett* v. *Cochrane*, 67 id. 570, 35 Atl. 509. This rule has an especial appropriateness in this State where parol leases for a term not exceeding one year under which possession is taken are not invalid by our statute of frauds. The same result would of course logically follow, where the lessee remained in a possession previously acquired, if the circumstances were such as to sufficiently disclose that his continued possession was referable to the ineffective lease, and therefore under it, as an agreement made; although not enforceable in and of itself. *Andrew* v. *Babcock*, 63 Conn. 109, 121, 26 Atl. 715. Section 4043 of the General Statutes, first enacted, in substance, in 1866, prescribes that a holding-over possession, standing by itself, shall not be regarded as evidence of any agreement of a further lease. It does not, however, prevent a tenancy from being established by other recognized means. One of these means, recognized long before the legislation of 1866, was that of supplementing proof of the agreement non-enforceable under the statute of frauds, with proof of the acts of the parties disclosing a recognition by them of a tenancy in fact under it. 1 Swift's Digest, s. p. 91; *Lockwood* v. *Lockwood*, 22 Conn. 425; *Larkin* v. *Avery*, 23 id. 304. The only significance which can reasonably attach to a mere payment and receipt of rent, is to be found in a recognition of a tenancy of some sort under the invalid lease, and our own courts have well said that, however satisfactory such a recognition might be, there might well be one sufficiently disclosed in other ways. In some juris-

dictions, rent payments of annual sums or aliquot parts thereof have been, by reason of their indication of the intention of the parties, regarded as essential to the conversion of what by force of statute or judicial construction are prima facie tenancies at will into tenancies from year to year. Such is not the law of this State.

The defendant having, for the reasons stated, failed in his contention that the tenancy after October 1st, 1899, was other than one from year to year, the judgment appealed from was properly rendered.

Upon our conclusions the defense that the statute of limitations had run against the plaintiff's claim is confessedly not well made.

There is no error.

In this opinion the other judges concurred.