THE BOARDMAN REALTY COMPANY *vs.* GEORGE F. CARLIN.

First Judicial District, Hartford, October Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

An oral lease for three years at a stated monthly rent, although not enforcible under the statute of frauds (§ 1089), is nevertheless for a definite term and therefore cannot be construed as a lease for one month only, under the provisions of § 4043. If the lessee chooses to take and hold possession under such a lease, his tenancy becomes, by operation of law, one from year to year, with an obligation to pay the rent as reserved therein.

A landlord who refuses to accept a surrender of his premises prior to the expiration of the term is not bound to relet them when vacated by the tenant, although if he does so, he must credit such tenant with the amount received for the premises, in an action against him for the stipulated rent.

Questions not made in the trial court cannot properly be presented here on appeal.

Argued October 6th—decided December 17th, 1909.

ACTION to recover rent, brought to and tried by the City Court of Hartford, *Bullard, J.;* facts found and judgment rendered for the plaintiff for $75 damages, and appeal by the defendant. *No error.*

*Augustine Lonergan,* for the appellant (defendant).

*Stewart N. Dunning,* for the appellee (plaintiff).

THAYER, J. This is an action to recover a month's rent of certain premises on Asylum Street, Hartford. The court has found that in July, 1907, the defendant was occupying the premises under a written lease from the plaintiff which was to terminate on the last day of that month, and that on or about the 6th day of July he hired of the plaintiff and it leased to him, by an oral agreement, the same premises for a further term of three years beginning August 1st, 1907, at the monthly rent of $75 payable

on the first day of each month, beginning August 1st, 1907. This was an advance of $10 per month over the rent which he had been paying under the original lease. The terms of this lease were afterward reduced to writing, but the draft was never signed by either of the parties. The defendant at the termination of the original lease continued in the occupancy of the premises paying the rent at the increased rate monthly in advance up to and including the month of September, 1908. On the 5th of that month he vacated the premises. He had notified the plaintiff a month previously that he would do so. When he left the premises he offered to deliver the keys to the plaintiff, but it refused to accept them and notified him that he would be held for the rent for the balance of the year, ending July 31st, 1909. He thereupon left the keys upon the desk of one of the officers of the plaintiff. This action was brought in November, 1908, to recover the rent for the preceding month.

The defendant's claim is that if there was a parol lease for three years between him and the plaintiff, as found by the court, it was void under the statute of frauds (§ 1089); that his tenancy, after August 1st, 1907, was one from month to month, and was terminated on September 30th, 1908, to which date he had paid the rent; that if, as claimed by the plaintiff, the tenancy was from year to year, no rent would become due until the end of the year, and therefore nothing was due under it when the action was brought. He claims, however, that the finding should be corrected so as to state that there was no agreement between the parties respecting a new lease of the premises, or so as to state that the agreement between them was for a written lease to be afterward given.

There was direct evidence that the plaintiff leased the premises to the defendant by parol for three years from August 1st, 1907. This was supplemented by evidence that the defendant for more than a year thereafter occupied

the premises under the lease and paid rent at the advanced rate, and that the plaintiff accepted the rent. There was sufficient evidence, therefore, to warrant the court's finding of the fact that there was such a parol lease between the parties. Mr. Boardman, the plaintiff's president, testified as to the making of the contract. It does not appear that any objection was made at the trial to the reception of his testimony. It does not appear that any claim was made in argument or to the court that Mr. Boardman's authority to act for the corporation was questioned, or that it was claimed, as argued before us, that it should appear from the plaintiff's records that authority was given to make a lease of the premises. As the question was not raised in the trial court it is not properly presented here. Other corrections of the finding are asked for, but the finding as it stands is supported by the evidence which is a part of the record. The corrections therefore will not be made.

The parol lease, which the court finds was made by the parties, being for more than one year, was clearly within the statute of frauds (§ 1089) and so could not be enforced. It is the defendant's claim that "as there was no agreement which the law can recognize for a definite term," the case falls within § 4043 of the General Statutes providing that "parol leases of lands or tenements reserving a monthly rent, and in which the time of their termination is not agreed upon, shall be construed to be leases for one month only." But the parties did agree upon the time when the lease should terminate; and in such a case, although the statute of frauds prevents the enforcement of the agreement, if the lessee takes possession under the lease his tenancy does not become one for a month only, under the provisions of § 4043, but becomes a tenancy from year to year. *Corbett* v. *Cochrane*, 67 Conn. 570, 576, 35 Atl. 509; *Griswold* v. *Branford*, 80 Conn. 453, 458, 68 Atl. 987.

It does not follow from the fact that the tenancy was

from year to year that no rent was payable until the end of the year. Occupancy under the unenforcible lease created a tenancy the termination of which was determined by the law. In determining the other terms of the tenancy, such as the amount of the rent and when payable, the agreement between the parties was properly resorted to. *Lockwood* v. *Lockwood,* 22 Conn. 425, 433; *Larkin* v. *Avery,* 23 id. 304, 317; *Corbett* v. *Cochrane,* 67 id. 570, 577, 35 Atl. 509. By the agreement between the parties the rent was to be paid monthly, and when the defendant at the end of the month of October refused to pay the rent for that month, an action therefor was maintainable.

Some time during the month of October the plaintiff had an opportunity to rent the premises to a third party but declined to rent them. It does not appear at what period the third party would have taken possession had he rented the premises, or what rent could have been obtained from him. There is nothing in the case therefore to show how much, if any, rent, could have been secured by the plaintiff from this party for the month of October had the premises been relet. Had the plaintiff in fact rented the premises and secured rent for their occupancy during that month, the defendant would be entitled to have the amount so received allowed in reduction or cancellation of the rent sued for. *Miller* v. *Benton,* 55 Conn. 529, 549, 13 Atl. 678. While it is true that it might so relet them without prejudice to its claim that there had been no surrender of the premises (*Miller* v. *Benton, supra*), yet it was not bound to so relet them. *Underhill* v. *Collins,* 132 N. Y. 269, 271, 30 N. E. 576; *Patterson* v. *Emerich,* 21 Ind. App. 614, 52 N. E. 1012; *Merrill* v. *Willis,* 51 Neb. 162, 70 N. W. 914; *Milling* v. *Becker,* 96 Pa..St. 182, 185, 186. It could treat the tenant as still occupying under the lease and look to him for the rent. *Underhill* v. *Collins, supra.* That is its position here. It is suing for rent under the lease and not for damages for the breach of it, and it owed the defendant

no duty to relet the premises. There was no foundation for the defendant's claim that the plaintiff could not recover because it refused to relet the premises to an acceptable applicant.

There is no error.

In this opinion the other judges concurred.