## KAUFMAN BRODNER vs. ISAAC SWIRSKY.

Third Judicial District, New Haven, June Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, Js.

An oral lease not to be performed within one year from the making thereof is void as contravening the statute of frauds.

If a tenant holds over under a new lease which is void, his tenancy is not one created by the lease, although it may be one which the law will imply.

In a summary process action against such a tenant, the defendant having alleged in his answer only possession under the void lease, a demurrer to such answer should be sustained; whereas if facts showing a tenancy created by law had been contained in the answer, it would have withstood the demurrer.

Although § 1087 of the General Statutes, as amended by chapter 104 of the Public Acts of 1907, makes provision for writs of error by defendants in summary process cases, and makes no reference to writs of error by plaintiffs, the plaintiff in such a case has a right to sue out such a writ under General Statutes, § 817.

Whether the defendant, if he fails to procure his writ of error within forty-eight hours, as provided in General Statutes, § 1087, as amended by chapter 104 of the Public Acts of 1907, may not procure his writ of error within the three years allowed in other cases, quære.

Argued June 5th—decided July 26th, 1912.

WRIT OF ERROR to reverse a judgment of a justice of the peace in an action of summary process tried to a jury, brought to the Court of Common Pleas in New Haven County where a motion to dismiss was overruled and the cause subsequently tried upon a demurrer to the writ of error; the court, *Simpson, J.*, rendered judgment reversing the judgment of the justice of the peace and remanding the cause to that court, and the defendant appealed. *No error.*

*Robert C. Stoddard,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

THAYER, J.    The complaint in summary process alleged these facts: the defendant entered into the possession of the leased premises on the first day of November, 1906, under a written lease from the estate of one Smith, deceased, for the term of five years from that date.    In April, 1911, the widow and heirs of Smith conveyed the premises to the plaintiff, and the lease was duly assigned to him.    On the 4th day of October, 1911, the plaintiff gave the defendant the statutory notice that he was to quit possession of the premises on or before November 1st, 1911.    On November 1st, 1911, the lease expired by lapse of time; but the defendant neglected to quit possession of the premises, and continued to hold possession of the same until the complaint was issued on November 13th, 1911.

These facts were, for the most part, admitted by the first defense, and those not so admitted were, upon the trial, admitted or proved, as appears by the bill of exceptions.

A second defense read as follows:    "1. On or about the        day of May, 1911, the plaintiff leased to the defendant for the term of one year, commencing with the date of the expiration of the lease referred to in paragraph one of the plaintiff's complaint, the premises referred to in the plaintiff's complaint for the monthly rent of seventy dollars.    2. The defendant, who was in possession of said premises at the date of the expiration of said lease above referred to, continued in possession of said premises under said oral lease referred to in paragraph one of this defense, and has remained in possession thereof from that time until the present, under and by virtue of said lease.    3. The defendant is now occupying said premises by virtue of his right under said lease for one year, and said lease is now in full force and effect and does not expire until the        day of        1912."

To this defense there was a demurrer, substantially upon the ground that the lease attempted to be set up in avoidance was in violation of the statute of frauds, because not to be performed within one year from the making thereof. The demurrer was overruled, the plaintiff filed a reply, and, upon a trial to a jury in the justice court, the defendant had a verdict.

The Court of Common Pleas treated the demurrer to the writ of error as equivalent to a plea of nothing erroneous, and rendered judgment for the plaintiff in error, upon the ground that the demurrer to the second defense was improperly overruled. As the same question which was thus decided is raised in all the other assignments of error which have been argued before us, it will not be necessary to consider each of those assignments separately.

As the parol lease set up in the answer was not to be performed within one year from the making thereof, it was void as contravening the statute of frauds. If the defendant entered under this void lease, his tenancy is not one created by the lease; but it may be one which the law will imply. *Corbett* v. *Cochrane*, 67 Conn. 570, 577, 35 Atl. 509; *Griswold* v. *Branford*, 80 Conn. 453, 455, 68 Atl. 987. In such case, whether he can hold against the plaintiff is not determined by the parol lease. The facts may be such that the law will imply a tenancy for a year. But that is a different thing from the tenancy which he alleges by virtue of a parol lease. Had facts showing such a tenancy been alleged, quite likely the answer would have withstood a demurrer, and evidence of the parol agreement might have been admissible in support of those facts. The defense filed shows only a possession under a void lease, which is no defense to the summary-process proceeding. The Court of Common Pleas correctly held that there was error in overruling the demurrer thereto.

A motion was made by the defendant to dismiss the writ of error, upon the ground that a plaintiff in summary process has no right to sue out a writ of error from an erroneous judgment of a justice of the peace in such cases. Section 1087 of the General Statutes, as amended by chapter 104 of the Public Acts of 1907, p. 657, provides that when a defendant procures a writ of error in an action of summary process, he shall give a sufficient bond to the adverse party to answer for all rents that may accrue during the pendency of the writ of error; that he shall have forty-eight hours (Sundays not included) after judgment for filing his bill of exceptions and procuring a writ of error; and that execution shall be stayed during that time, if it appears to the justice that the writ is not procured for delay. This statute makes no reference to a writ of error by the plaintiff.

This Act was originally passed in 1852. The summary process statute had then been long in existence. So, also, had a statute, now General Statutes, § 817, permitting writs of error from justices of the peace by either party harmed by an erroneous judgment. Under the statute last named, writs of error had been allowed in summary process actions. See *Du Bouchet* v. *Wharton*, 12 Conn. 533. The right of a plaintiff to a writ of error under this statute is not affected by the one first referred to, relating to the rights of the defendant. That statute, by staying execution for forty-eight hours, prevents the defendant's dispossession until he has time to have a bill of exceptions allowed and procure a writ of error. After the writ has been served, it effects a stay during its pendency. There is nothing in this Act that necessarily conflicts with § 817 of the General Statutes. Whether the defendant, if he fails to procure his writ of error within the forty-eight hours, may not procure it later, and within the three years allowed in

other cases, it is not necessary for us to decide. It cannot have been the intention by this statute to deprive the plaintiff of his previously existing right to a writ of error in this class of cases in which no appeal is allowed.

There is no error.

In this opinion the other judges concurred.