JOHN O. HANDY *vs.* ALBERT H. BARCLAY, ADMINISTRATOR, ET ALS.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., CURTIS, BURPEE, KEELER and WEBB, Js.

An oral lease for fourteen years, followed by one or more years of occupation, becomes, by operation of law, a lease from year to year only.

Such a lease can be taken out of the statute of frauds only by written memoranda supplying data whereby the essential terms of the oral agreement can be put into the extended and customary form without the aid of oral proof; and must at least contain, besides the names of the parties, an identification of the property, the duration of the lease, the amount of rent, and the terms of its payment.

In the present case the memoranda relied upon for this purpose were in the form of receipts for rent subsequent to the agreement. *Held* that while the memoranda were not inefficacious because of their form or date, the receipts themselves did not furnish the required evidence, in that neither the amount of rent received nor the times of its payment appeared thereon.

Argued October 25th—decided December 11th, 1922.

WRIT OF ERROR to reverse a judgment of a justice of
the peace in an action of summary process, brought
to and tried by the Court of Common Pleas in New
Haven County, *Simpson, J.;* the court rendered judg-
ment for the defendants, finding no error in the record,
and the plaintiff appealed. *No error.*

An action of summary process was brought by the
present appellees, defendants in error in the court
below, before a justice of the peace for New Haven
County, to dispossess the plaintiff, the present appel-
lant and plaintiff in the court below, from certain
tenements in the city of New Haven. The substituted
complaint before the justice alleged that John O. Handy
had, since March 1st, 1921, been in possession of a
building known as number 147 Court Street, and of
the top floor of a building known as numbers 149 and
151 Court Street, in the city of New Haven, under a
parol lease with Albert H. Barclay, administrator of
the estate of Elias E. Bristol, Miles L. Cummings, execu-
tor of the will of Minnie I. Cummings, Jeannette E.
Weaver, widow, and Francis Jeanette Bristol, sole heir
of said Elias E. Bristol, and the said Miles L. Cummings,
life tenant under will of Minnie I. Cummings, on a
monthly rental of $158.33; that said Handy defaulted
in payment of rent due September 1st, 1921, and had
defaulted thereafter on rentals due each month up to
and including February 1st, 1922. On February 11th,
1922, the said leasors gave the lessee notice to quit,
and although said lease was a yearly lease and had
expired February 28th, 1922, the lessee refused to quit
possession and held over.

The lessee, the defendant in summary process, made
four separate defenses in the action, to three of which
the plaintiffs therein demurred. All three demurrers
were sustained, and the case then was tried before the

justice and a jury upon the issues remaining, resulting in a verdict for plaintiffs and judgment for recovery of possession by them. The defendant lessee brought a writ of error to the Court of Common Pleas in New Haven county to reverse this judgment, and that court found no error therein. On the appeal to this court, error is predicated upon the action of the justice in sustaining the demurrers above referred to, and in the judgment of the Court of Common Pleas affirming his judgment. In this court, the appellant questions the decisions upon the demurrers to the second and fourth defenses.

The second defense was substantially that in February, 1916, said Handy and his wife were lessees in possession of the premises in question, and at that time the plaintiffs in summary process orally leased the premises to Handy for fourteen years to March 1st, 1930, at an annual rental of $1,900, payable in equal monthly payments of $158.33 each; that since February, 1916, the defendant had continued in possession and was still in possession, had paid rent up to September 1st, 1921, and had made a tender of rent due up to March 1st, 1922, which tender had been refused; that said Miles L. Cummings had acknowledged said lease by two written instruments made part of the answer, Exhibits A and B, reading as follows:—

"Exhibit A.

"$475.02                                    Sept. 9th, 1916.

"Recd. from John O. Handy four hundred and seventy-five & 02/100. This amount to apply on rentals for property now occupied by said John O. Handy at 147–149 Court St., he having a lease on said property for a term of 14 years from March 1st, 1916. Owing to certain allowances this pays in full to July 1st, 1916. M. L. Cummings."

"Exhibit B.

$450.00                                Dec. 29th, 1916.

"Received from John O. Handy four hundred and fifty dollars in full of rent of the premises located on lots covering 147 and 149 Court St., to October 1st, 1916, said property being leased to said John O. Handy for a term of 14 years from March 1st, 1916.    M. L. Cummings."

The fourth defense repeats the allegations of the second defense, and adds thereto the following paragraphs:—

"6. Ever since the          day of February, 1916, the plaintiff, Miles L. Cummings, was and still is life tenant of an undivided one-half interest in fee in said premises, and a cotenant in said premises with the other plaintiffs.

"7. Said lease from Miles L. Cummings to the defendant and the defendant's possession of said premises thereunder was consented to by all said plaintiffs, was never objected to by any of said plaintiffs prior to September 15, 1921, and all said plaintiffs accepted their respective shares in the rents paid by the defendant for the use of said premises during the period of February     , 1916, to September 1, 1921."

The plaintiffs demurred to the second defense, because it appeared therefrom that the oral lease was void as contravening the statute of frauds, and was at most a lease from year to year and had terminated by lapse of time; and, further, that it did not appear that said Miles L. Cummings had any authority from the other plaintiffs to sign Exhibits A and B.

The demurrer to the fourth defense repeats the foregoing grounds, and adds that "notwithstanding the consent of all the plaintiffs, as set forth in paragraph 7 of said fourth defense, the oral lease is void, and at the

most is a lease from year to year, which this action seeks to terminate."

*Matthew A. Reynolds*, with whom was *Lewis L. Field*, for appellant (plaintiff in error).

*Albert H. Barclay*, for appellees (defendants in error).

KEELER, J. Upon his assignments of error above noted, appellant makes the following claims: that a parol lease for more than a year is valid if sufficient evidence is offered to satisfy the statute of frauds, and that the Exhibits A and B, appearing in the above statement, furnish satisfactory evidence. As subsidiary to this claim, it is further contended that the agency of Cummings for the other appellees could be established by parol, and hence the demurrer was bad as to all the appellees; that the assignee or lessee of a cotenant in possession cannot be ousted by a cotenant, and hence the demurrer to the fourth defense was improperly sustained.

Had the lease for fourteen years of the premises in question been in writing, it would have been good and would have bound the lessors at least until the death of Cummings, who was a life tenant of an undivided interest. All parties having a present interest were lessors. The lease was in fact oral, and hence, after occupation thereunder, by operation of law became a lease from year to year only, implied by law, unless it was sufficiently evidenced by the receipts, Exhibits A and B, to satisfy the requirements of the statute of frauds. *Larkin* v. *Avery*, 23 Conn. 304; *Lockwood* v. *Lockwood*, 22 Conn. 425, 432; *Corbett* v. *Cochrane*, 67 Conn. 570, 35 Atl. 509; *Griswold* v. *Branford*, 80 Conn. 453, 68 Atl. 987; *Boardman Realty Co*. v. *Carlin*, 82 Conn. 413, 74 Atl. 682; *Brodner* v. *Swirsky*, 86 Conn. 32, 34, 84 Atl. 104.

We have now to consider whether Exhibits A and B are in their terms sufficiently full and exact to take the oral lease from the operation of the statute. The memorandum of the contract need not be the contract itself, but must contain sufficient data whereby a contract satisfying the terms of the prior oral agreement of the parties might be put in extended and customary form, without the aid of oral proof. *Shelinsky* v. *Foster*, 87 Conn. 90, 87 Atl. 35; *Gendelman* v. *Mongillo*, 96 Conn. 541, 114 Atl. 914. The memorandum may, as in the instant case, take the form of a receipt. *Evans* v. *Prothero*, 1 De Gex, M. & G. 572; *Ellis* v. *Deadman's Heirs*, 7 Ky. (4 Bibb) 466; *Barickman* v. *Kuykendall*, 6 Blackford (Ind.) 21; *Williams* v. *Morris*, 95 U. S. 444; *Sholovitz* v. *Noorigian*, 42 R. I. 282, 289, 107 Atl. 94; Browne on Statute of Frauds (5th Ed.) § 346; 27 Corpus Juris, p. 258. The memorandum need not be made at the time of the contract; it may be made and signed afterward. "It is not necessary that the writing by which the contract is to be evidenced should have been executed simultaneously with the making of the contract; any writing, contemporaneous or subsequent, in which the party to be charged admits, over his signature, all the terms of the contract insisted upon by the opposite party, is sufficient. 'The moment written evidence of the contract under his hand, in whatever form, exists, the contract is taken out of the statute. . . .'" *Capitol City Brick Co.* v. *Atlanta Ice & Coal Co.*, 5 Ga. App. 436, 443, 63 S. E. 562, citing Wood on Statute of Frauds, § 334. See also *Jacobson* v. *Hendricks*, 83 Conn. 120, 125, 75 Atl. 85; *Williams* v. *Bacon*, 68 Mass. (2 Gray) 387; *White* v. *Dahlquist Mfg. Co.*, 179 Mass. 427, 432, 60 N. E. 791; *Kittel* v. *Stueve*, 10 Misc. (N. Y.) 696, affirmed without opinion in 146 N. Y. 380, 41 N. E. 89; Browne on Statute of Frauds (5th Ed.) § 352a; 27 Corpus Juris, p. 263. The

claimed memoranda, therefore, are not inefficacious by reason of their form or date. It remains to be seen whether Exhibits A and B are sufficiently complete and definite to comply with the rule above stated. A definite contract of lease, besides the names of the parties, contains a description of the property let, the term of the lease and the amount of the rent. *Garber* v. *Goldstein,* 92 Conn. 226, 102 Atl. 605. It should also contain the terms of payment of rent. The exhibits above referred to do not measure up to this standard, in that the amount of rent or the times of its payment are not contained therein, and hence do not satisfy the requirement of the statute. The holding of appellant therefore became a tenancy from year to year, and expired February 28th, 1922.

The appellant on the date last named was the tenant of all of the owners having present interests in the leased property. There were no dissentient cotenants, nor was there any attempt on the part of one cotenant to disseize another. The case, therefore, does not come within the rule of *Pastine* v. *Altman,* 93 Conn. 707, 107 Atl. 803. The appellant's lease had expired and he was due to go out unless by some agreement or course of conduct equivalent thereto his tenancy had been recognized by the owners of the property for a further term of one year. *City Coal Co.* v. *Marcus,* 95 Conn. 454, 111 Atl. 857.

The above holding as to the effect of Exhibits A and B removes from the case the contentions of appellant as to agency, disseizin of a cotenant, and the effect of a demurrer by several where the same is bad as to one demurrant.

There is no error.

In this opinion the other judges concurred.