The evidence discloses the following facts of consequence:
1. On March 6, 1940, the plaintiff and the defendant entered into an informal written lease-agreement by the terms of which the defendant leased from the plaintiff for the period of one year, store premises of the latter; agreed rental: "$13.00 for the first six months and no more than $15.00 thereafter"; said store premises "to be used to store or sell dry goods only."
2. When said informal written lease-agreement was executed the plaintiff was a minor of 20 years, and in fact attained his majority on March 15, 1940 — nine days after the execution of said lease-agreement.
3. The defendant took possession of said store on March 15, 1940, or a few days prior thereto, and remained in possession until April 15, 1940, at which time the key was returned to the plaintiff by letter dated April 14, 1940. See plaintiff's Exhibit B.
4. A year's rent would amount to $168 in all; the defendant actually paid the plaintiff rental in the sum of $26, leaving a balance of $142 owing to the plaintiff by the defendant.
5. Of the $26 paid by the defendant to the plaintiff, the sum of $14 was in fact paid on April 11, 1940. See plaintiff's Exhibit D.
The sole question raised by the pleadings, and argued by counsel at the close of the evidence, is whether or not the defendant's minority at the time of the execution of the written lease-agreement is a bar to the plaintiff's cause of action.
In Gregory vs. Lee, 64 Conn. 407, our Supreme Court held in effect that an infant could not avoid liability on a leasede lodgings during the period that he actually occupied thesame. "So long then as the defendant actually occupied the *Page 93 
room as his sole lodging room it was clearly a necessary to him, for the use of which the law would compel him to pay...." Gregory case, p. 412. See Anno. 68 A.L.R. 1185, wherein it appears (p. 1186) that the English rule is patterned on the Connecticut rule reflected in the Gregory case.
It is elementary that each case is to be determined upon its own particular facts and circumstances. The facts of the instant case are not in line with the facts in the Gregory case. In the instant case the lease-agreement provided for the commencementof occupancy by the defendant on March 15, 1940 (which date marked the defendant's 21st birthday). More than that, it appears that the defendant continued in possession for a month after said March 15, 1940, and made at least one payment de rent ($14) on April 11, 1940. Hence the Gregory case has no direct application to the determination of the instant case.
If the plaintiff is to prevail, he can prevail only on the theory of ratification by the defendant. As noted in the finding of facts, occupancy of the premises in question was to commence on March 15, 1940, being in fact the date when the defendant attained his majority. The defendant in fact occupied said premises on March 15, 1940, if not a few days before that date, and continued in possession, legally speaking, until April 15, 1940. A last payment of rent was on April 11, 1940, in the amount of $14. Notwithstanding the fact that the defendant continued to occupy the premises foronly one month after he attained his majority, and apparently made only one payment de rent during said period, the court concludes that there has been a sufficient ratification of the lease-agreement executed by the defendant when he was a minor. The rule laid down in 27 Am. Jur. Infants § 88, is accepted by the court as a guidance in the conclusion reached: "An infant's recognition, after majority, of the validity of a lease made by him renders it absolutely binding upon him. If an infant lessee continues in possession for an unreasonable time after he comes of age, this is a ratification of the lease and renders obligatory on him the provisions of the lease. If, after coming of age, a person ratifies a lease made by him as lessee when he was an infant, he is absolutely liable for rent falling due thereafter...."
Plaintiff's counsel urged upon the court acceptance of the *Page 94 
case of International Text Book Co. vs. Connelly, 206 N.Y. 188,200, 99 N.E. 722, 727. In that case the Court of Appeals of New York said: "The trial court did not expressly find that there was a ratification and did impliedly find there was no ratification. This is conclusive upon us, for we cannot find a fact even if we think the trial court should have found it." Since the court in the instant case expressly makes a finding of ratification, the New York case is without efficacy.
In passing the court touches upon another aspect, incidental to entering a plaintiff's judgment. There is some authority for the view that a lessor "is in duty bound to make a reasonable effort to mitigate the damages arising from the breach [of a lease], by reletting to others." 35 C.J. Landlord andTenant § 507. However, this view is not in accord with the great weight of authority in this country. See Anno.
40 A.L.R. 190, in which it appears that Connecticut follows the majority rule in Boardman Realty Co. vs. Carlin, 82 Conn. 413,416.
 In view of all the foregoing, therefore, judgment will enter for the plaintiff to recover of the defendant $142.