AMWAX CORPORATION *v.* J. ERIC CHADWICK ET AL.
(10026)

DUPONT, C. J., O'CONNELL and FREEDMAN, Js.

Argued January 16—decision released August 25, 1992

*Lawrence R. Pellett,* with whom, on the brief, was *Thomas F. McDermott, Jr.,* for the appellants (defendants).

*James P. Brennan,* for the appellee (plaintiff).

O'CONNELL, J. The defendants appeal from a judgment for $1484 for the plaintiff, after a court trial. The defendants claim that the trial court abused its discretion in (1) finding that there was a legally enforceable oral lease between the parties, (2) allowing testimony

about lost prospective profits, (3) finding lost profits of $24,000, and (4) failing to grant the defendants' motion for judgment at the conclusion of the plaintiff's case. We affirm the judgment of the trial court.

This action arises from a breach of an alleged oral lease between the plaintiff and the defendants. The plaintiff was interested in moving its candle manufacturing business from New York state. Among the new locations considered was the defendants' property in Torrington. Henry Groupe, president of the plaintiff corporation, and the defendants conferred in person and by telephone on several occasions concerning a written lease. Repair of the roof and installation of a sanitary sewer connection by the defendants were important parts of these negotiations. As a result of these negotiations, the defendants allowed the plaintiff to move into the premises in May, 1986, at an agreed annual rent of $14,000. The defendants failed to repair the roof or to install the necessary sanitary sewer connections. Because the defendants failed in their roof and sewer obligations, the plaintiff was unable to commence candlemaking operations and sustained lost profits. The plaintiff remained in possession for one year until evicted by the defendants in April, 1987. The plaintiff made no rental payments during the one year period of its occupancy.

The plaintiff brought this action claiming damages for loss of profits allegedly caused by the defendants' breach of the terms of the oral lease. The defendant filed a counterclaim to recover unpaid rent. The trial court found that the plaintiff had lost $24,000 in profits, but found that 40 percent of the plaintiff's loss was caused by its failure to vacate the premises sooner and, therefore, reduced the loss to $14,400. After subtracting another $12,826 for the plaintiff's failure to pay rent for the eleven month period of occupancy, the trial

court rendered a net judgment in favor of the plaintiff for $1484.[1] The defendants appeal.

The threshold issue concerns the trial court's implicit finding that the parties entered into an enforceable oral lease. We must determine first whether a lease existed and then whether that lease is enforceable. The defendant claims that the trial court's finding that an oral lease existed is clearly erroneous because (1) the plaintiff failed to prove that the parties intended to be bound before the written lease was executed and (2) the oral agreement is void under our statute of frauds. General Statutes § 52-550.[2]

A lease is a contract and questions concerning it are determined in accordance with usual contract law. *Robinson* v. *Weitz,* 171 Conn. 545, 551, 370 A.2d 1066 (1976). "Whether a contract exists is a question of fact or a mixed question of fact and law for the court to determine. See *Gianetti* v. *Norwalk Hospital,* 211 Conn. 51, 58 n.6, 557 A.2d 1249 (1989). The existence and terms of a contract are determined from the intent of the parties. See *Steeltech Building Products, Inc.* v. *Edward Sutt Associates, Inc.,* 18 Conn. App. 469, 471, 559 A.2d 228 (1989). 'The parties' intentions manifested

---

[1] We note an apparent mathematical error in calculating the net damages due to the plaintiff. The correct award should be $1574. Although not raised by the parties, the error is clearly technical and not substantive, and we will nevertheless correct it in our remand. See *Greco* v. *Morcaldi,* 145 Conn. 685, 690–91, 146 A.2d 589 (1958).

[2] General Statutes § 52-550 provides in part: "(a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property; or (5) upon any agreement that is not to be performed within one year from the making thereof . . . .

"(b) This section shall not apply to parol agreements for hiring or leasing real property, or any interest therein, for one year or less, in pursuance of which the leased premises have been or are actually occupied by the lessee, or any person claiming under him, during any part of the term."

by their acts and words are essential to the court's determination of whether a contract was entered into and what its terms were.' Id., 471–72. It is within the province of the trier to draw reasonable and logical inferences from the facts proven. B. Holden & J. Daly, Connecticut Evidence § 64, p. 417." *Wickes Mfg. Co.* v. *Currier Electric Co.*, 25 Conn. App. 751, 756–57, 596 A.2d 1331 (1991).

Whether the parties intended to be bound without signing a formal written contract is an inference of fact for the trial court that we will not review unless we find that its conclusion is unreasonable. *Steeltech Building Products, Inc.* v. *Edward Sutt Associates, Inc.*, supra, 472. We cannot retry the facts or substitute our judgment for that of the trial court. *Arbour* v. *McCollough,* 186 Conn. 280, 285–86, 440 A.2d 980 (1982).

Groupe testified that the rental terms of the oral lease were as follows: annual rent of $14,000; a boiler, heating system, a new electrical service and gas service would be installed, and an office and proper sanitary connections for the employees' toilets would be provided. The trial court's articulated memorandum of decision finds that the parties orally agreed to these terms and that no written lease was executed. The memorandum was silent as to the duration of the lease, but the record shows that Groupe testified that the duration of the oral lease was three years. The court was free to disregard conflicting evidence. *Lemmon* v. *Paterson Construction Co.*, 137 Conn. 158, 162, 75 A.2d 385 (1950); *Milano* v. *Sayers,* 6 Conn. App. 491, 497–98, 506 A.2d 162, cert. denied, 199 Conn. 810, 508 A.2d 771 (1986).

This court construes the evidence in the light most favorable to sustaining the trial court's verdict unless it is unsupported by the evidence and record as a whole. *Kasper* v. *Anderson,* 5 Conn. App. 358, 361, 498 A.2d

132, cert. denied, 197 Conn. 818, 501 A.2d 388 (1985). Our examination of the record satisfies us that the trial court's determination that an oral contract existed was a reasonable conclusion supported by the evidence. Thus, it follows that the trial court did not abuse its discretion in refusing to grant the defendants' motion for judgment at the close of the plaintiff's case.

We turn now to the defendants' claim that the three year oral lease described by Groupe cannot be enforced because it violates the statute of frauds provision concerning agreements that are not to be performed within one year from their making. We are confronted with the classic issue of the rights of the parties when a tenant takes possession under an oral lease that is invalid because of the statute of frauds. See 6 A.L.R.2d 685, Tenancy Under Void Lease §§ 1-19; 49 Am. Jur. 2d, Landlord and Tenant § 47 et seq.

"In this State the long-established rule is that when parties make an oral lease of lands reserving rent, which lease is nonactionable by reason of the statute of frauds, and the lessee thereafter enters into possession under the lease, there results a tenancy which under ordinary conditions at least will by implication of law be regarded as one from year to year." *Griswold* v. *Branford,* 80 Conn. 453, 458, 68 A. 987 (1908). Even though the plaintiff entered under a void lease an enforceable tenancy is implied by law. *Brodner* v. *Swirsky,* 86 Conn. 32, 34, 84 A. 104 (1912); see also *Handy* v. *Barclay,* 98 Conn. 290, 119 A. 227 (1922); *Boardman Realty Co.* v. *Carlin,* 82 Conn. 413, 74 A. 682 (1909); *Corbett* v. *Cochrane,* 67 Conn. 570, 35 A. 509 (1896); *Larkin* v. *Avery,* 23 Conn. 304 (1854).

"Occupancy under the unenforceable lease created a tenancy the termination of which was determined by law. In determining the other terms of the tenancy, such as the amount of the rent and when payable, the

agreement between the parties was properly resorted to." *Boardman Realty Co.* v. *Carlin,* supra, 416. The trial court's award of damages to the plaintiff under the tenancy implied by law was not improper under General Statutes § 52-550.

We next turn to the defendants' claims that the court abused its discretion in admitting testimony of Groupe, the plaintiff corporation's president, regarding lost profits and whether its finding of lost profits was supported by sufficient evidence on the record.

The trial court found that the building's condition would not allow a candle manufacturing operation because of the leaking roof and lack of sanitary facilities. The court credited Groupe's testimony that his lost business profits were $24,000. Because the trial court deemed that the plaintiff's failure to remove itself when it was apparent that the premises were unsuitable caused 40 percent of its losses, the award was reduced to $14,400.

The defendant claims that Groupe's testimony regarding lost profit caused by the defendants' failure to repair the building was inadmissible because it was not supported by a proper foundation; see *Hall* v. *Sera,* 112 Conn. 291, 297, 152 A. 148 (1930); and, consequently, the trial court's award of lost profits was unsupported by evidence on the record. *Driscoll* v. *Jewell Belting Co.,* 96 Conn. 295, 299, 114 A. 109 (1921).

The trial court has broad discretion in the admission of opinion testimony; *Hammer* v. *Mount Sinai Hospital,* 25 Conn. App. 702, 718, 596 A.2d 1318, cert. denied, 220 Conn. 933, 599 A.2d 384 (1991); which necessarily includes broad discretion to ascertain if the testimony is supported by a proper foundation. See *Lutkus* v. *Kelly,* 170 Conn. 252, 256–57, 365 A.2d 816 (1976). Accordingly, its determination is accorded great deference by this court. *Johnson* v. *Healy,* 183 Conn.

514, 515–16, 440 A.2d 765 (1981). The court also has broad discretion in determining damages. *Buckman* v. *People Express, Inc.,* 205 Conn. 166, 175, 530 A.2d 596 (1987). The determination of damages involves a question of fact that will not be overturned unless it is clearly erroneous. *Beckman* v. *Jalich Homes, Inc.,* 190 Conn. 299, 309–10, 460 A.2d 488 (1983). From our review of the record, we cannot conclude that the trial court's ruling on the admission of Groupe's testimony or its award of lost profits was clearly erroneous.

Turning finally to the defendants' claim that the award of lost profits was not supported by the record, we note that the trial court has broad discretion in determining whether damages are appropriate. *Buckman* v. *People Express, Inc.,* supra. Its decision will not be disturbed on appeal absent a clear abuse of discretion. Id. On the basis of our review of the record in the light most favorable to sustaining the judgment, we cannot conclude that the award of lost profits was an abuse of discretion.

The judgment of the trial court is affirmed and the case is remanded with direction to render judgment in the amount of $1574.

In this opinion the other judges concurred.