[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to strike all sixteen counts of the plaintiff's revised complaint. At oral argument, the plaintiff, by counsel, conceded that Counts 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 15, and 16 should be stricken. CT Page 1079-Y
Accordingly, this court will adjudicate only the motion to strike and the reasons asserted in support of that motion with regard to Counts 5, 6, 13, and 14. The defendants, Hector Santana and Elsie Santana, assert that all of the claims raised in those counts are barred by the statute of limitation applicable to tort actions.
The plaintiff alleges that she and her minor children were tenants in an apartment owned by the defendants and that the tenancy occurred between February 1988 and June 1989. The plaintiff, by counsel, acknowledged at oral argument that the lease agreement was oral, not written.
The plaintiff's action was commenced on March 16, 1994, the date that the sheriff's return reveals was the date of service on the defendants.
In the fifth and thirteenth counts of the complaint the plaintiff alleges that the defendants impliedly warranted the habitability of the premises and breached that warranty by failing CT Page 1079-Z to remove lead paint from the premises.
In the sixth and fourteenth counts of the complaint, the plaintiff alleges that the defendants breached their agreement to provide the plaintiffs with quiet and peaceful enjoyment of the premises, based on the alleged presence of hazardous lead paint.
The defendants assert that the claims raised in the fifth, sixth, thirteenth and fourteenth counts of the complaint are barred by General Statutes § 52-577, which imposes a three-year limitation period for the initiation of an action based on a tort, specifically, that
 [n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.
The plaintiff objects that the applicable period of limitation is six years, pursuant to General Statutes § 52-576(a).
That statute provides that CT Page 1079-AA
 [n]o action for an account, or on any simple or implied contract or on any contract in writing, shall be brought but within six years after the report of action accrues . . .
The defendant has not based its motion to strike on any limitation period applicable to contract actions. In the motion itself, the defendants do not identify the statute of limitation invoked. In their brief in support of the motion to strike, the defendants characterize counts five, six, thirteen and fourteen as sounding in tort and claim that the action was not filed within the three year period applicable to torts. Neither the motion nor the brief is based on a claim of expiration of a statute of limitation applicable to claims of breach of contract, and the court will therefore consider only the claim actually briefed. See Practice Book § 154: "Each motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." CT Page 1079-BB
As an initial matter, the plaintiff claims that the statute of limitation cannot be adjudicated upon a motion to strike but must be made the subject of a special defense, as to which summary judgment may then be sought. The Connecticut Supreme Court has ruled that the statute of limitation may be raised by a demurrer, the precursor to the present motion to strike, so long as the date of the facts on which the claim is based is apparent on the face of the complaint. Beckenstein v. Potter Carrier, Inc., 191 Conn. 150,165 (1983).
In ruling on a motion to strike, the court must construe the complaint in the manner most favorable to the plaintiff. Mozzochiv. Beck, 204 Conn. 490, 491 (1987); Verdon v. TransamericaInsurance Co., 187 Conn. 363, 365 (1982).
In characterizing the challenged counts as sounding in contract, the plaintiff emphasizes that she is invoking warranties implied in the oral lease agreement and alleging a violation of these implied contractual terms.
In Paragraph 7 of the Fifth Count, the plaintiff alleges the CT Page 1079-CC existence of a lease agreement and in Paragraph 8 she asserts that "[p]ursuant to the lease agreement . . . [the defendants] impliedly warranted the habitability of the premises and [were] therefore obligated to deliver and maintain throughout the tenancy, premises that were safe, clean and fit for human habitation." At Paragraph 10, the plaintiff alleges failure to deliver and keep the premises habitable during the period of the tenancy. These allegations allege a cause of action sounding in contract.
The defendants emphasize further allegations specifically, Paragraph 17 of the Fifth Count, in which the plaintiff alleges that "[t]he injuries and losses suffered by [plaintiff's] minor children were directly and proximately caused by [defendants'] willful wanton and/or reckless failure to make the premises habitable." Because this allegation suggests a tort theory, the defendants claim that the statute of limitation applicable to torts applies.
Indeed, the plaintiff has created a hybrid pleading in which it is not clear whether she is claiming breach of implied terms of the lease contract and consequential damages for breach or whether CT Page 1079-DD she is claiming that the lease contract created a duty of care and that the defendants breached that duty of care.
In the sixth count, the plaintiff similarly alleges the existence of a lease (Paragraph 7) and an agreement to provide the plaintiff with "quiet and peaceful possession and enjoyment of the premises" (Paragraph 9) "and failure to provide it. (Paragraph 10). The plaintiff also alleges, at Paragraph 17, that the claimed injuries to her children "were directly and proximately caused by [the defendant's] willful, wanton and/or reckless failure to deliver and provide [plaintiff] and her minor children with quiet and peaceful possession and enjoyment of the premises."
In the thirteenth and fourteenth counts, the plaintiff makes the same claims as to Elsie Santana that she makes as to Hector Santana in the fifth and sixth counts, with the same mixed allegations of breach of contract and of tort.
It is well settled that a lease, whether written or oral, is a contract. Robinson v. Weitz, 171 Conn. 5435, 551 (1976); Amwax v.Chadwick, 28 Conn. App. 739, 741 (1992). CT Page 1079-EE
The defendants ask, in effect, that this court ignore the portions of the challenged counts that allege breach of a lease agreement and instead characterize the counts as sounding in tort, then find them barred by the three year limitation imposed by General Statutes § 52-577.
Because of the requirement, cited above, to construe the complaint upon a motion to strike in the manner most favorable to the pleader, this court must construe the claim as arising in contract, the construction urged by the plaintiff; and the court must therefore reject the defendant's ground as applicable to a theory not claimed to be the basis for the challenged counts. The defendants have not included any reference to any claimed applicable limitation period for contract actions in their motion to strike or in their brief.
Accordingly, the court's analysis must stop with rejection of the only claims pleaded and briefed by the defendants.
The motion to strike the fifth, sixth, thirteenth and CT Page 1079-FF fourteenth counts of the complaint is denied.
All other counts of the complaint are stricken upon the concession by the plaintiff that they do not state claims upon which relief may be granted.
Beverly J. Hodgson, Judge of the Superior Court