[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff, Sylvia Alford, filed a three count amended complaint against Michael and Valerie Jorrin, doing business as Kent Station Associates, and Kent Antiques Center. In counts one CT Page 530-F and three the plaintiff alleges that her injuries were caused by the negligence of Kent Antiques Center.
In count one, which alleges negligence on the part of all defendants, the plaintiff alleges that she was caused to slip, stumble and collide violently with the ground and with a stone wall proximately located near and adjacent to the paved walkway/entrance to the Kent Antiques Center at the Kent Center Station as a result of the defendants' failure to delineate clearly the change in the elevation from the parking areas to the walkway/entrance to and for Kent Antiques Center. In the third count, the plaintiff alleges negligence solely as to Kent Antiques Center. The plaintiff alleges that her injuries were the result of Kent Antiques Center's negligence in that it failed to properly construct, maintain, or mark the paved entrance walkway of Kent Antiques Center.
On November 15, 1996, Kent Antiques Center filed this motion for summary judgment. Kent Antiques Center moves for summary judgment on the ground that they had no control over the walkway/entrance area where the plaintiff fell. With its motion, Kent Antiques Center filed a memorandum of law in support of its motion for summary judgment, a copy of the lease, and the supporting affidavit of Robert Howard (Howard). In his affidavit, Howard, the sole proprietor of Kent Antiques Center, states that CT Page 530-G at no time did he or any one connected with Kent Antiques Center ever construct, repair, clean, maintain, mark or control the area where the plaintiff claims to have fallen.
In response, the plaintiff filed a memorandum in opposition to Kent Antiques Center's motion for summary judgment.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citation omitted.) Doty v. Mucci,238 Conn. 800, 805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "A summary disposition . . . should be on the evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Brackets omitted; internal quotation marks omitted.) Id., 752.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Citation omitted.) Doty v. Mucci, supra,238 Conn. 805. "The party seeking summary judgment has the burden CT Page 530-H of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citation omitted.) Id.
"A lease is a contract and questions concerning it are determined in accordance with usual contract law". Amwax Corp. v.Chadwick, 28 Conn. App. 739, 741, 612 A.2d 127 (1992). "In construing a lease, the expressed intent of the parties is the controlling factor and the lease must be construed as a whole so as to give effect to every provision, if reasonably possible."Sacharko v. Center Equities Ltd. Partnership, 2 Conn. App. 439,445, 479 A.2d 1219 (1984).
"When a contract provision is unambiguous, its interpretation presents an issue of law for determination by the court." (Citation omitted.) Bank of Boston Connecticut v. Avon MeadowAssociates, 40 Conn. App. 536, 540, 671 A.2d 1310 (1996). "When, however, a contract provision is ambiguous or contract provisions are internally inconsistent, a question of fact is involved." (Citation omitted.) Id.
Kent Antiques Center argues that they are not liable because pursuant to the lease between Kent Station Associates and Kent Antiques Center, Kent Station Associates retained possession and control of the area where the plaintiff fell. In response, the CT Page 530-I plaintiff argues that the lease is unclear as to who retained control of the walkway/entrance.
"The word `control' has no legal or technical meaning distinct from that given in its popular acceptation and refers to the power or authority to manage, superintend, direct or oversee." (Citations omitted.) Panaroni v. Johnson,158 Conn. 92, 98, 256 A.2d 246 (1969). "Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances." (Citation omitted.) Dinnan v.Jozwiakowski, 156 Conn. 432, 434, 242 A.2d 747 (1968). Unless it is definitely expressed in the lease, the issue of which party retained control is a question of fact. Panaroni v. Johnson,
supra, 98.
The lease provided that the lessor (Kent Station Associates) shall be responsible for exterior repairs and maintenance. The lease further provided that the lessee (Kent Antiques Center) shall be responsible for interior repairs and for maintaining clean premises, including windows.
In addition, the lease also provided that the lessee agrees not to make any changes to the premises or its surroundings or its interior without providing the lessor with a plan of same and having the lessor's approval in writing. The lease further CT Page 530-J provided that the lessor's approval shall not be unreasonably withheld.
The above provision makes it clear that Kent Station Associates did not retain exclusive control of the premises. Kent Antiques Center had the ability to make reasonable changes to the surrounding area. Therefore, the lease, read as a whole, cannot be said to resolve definitely or expressly the issue of control. See Panaroni v. Johnson, supra, 158 Conn. 99. As a result, a question of fact exists that precludes the granting of summary judgment.
Moreover, the fact that Kent Antiques Center performed no maintenance and conducted no repairs, as asserted in Howard's affidavit, cannot form the basis for granting summary judgment. The assertions in Howard's affidavit do not resolve the issue of which party had control. Accordingly, such facts are insufficient to show that Kent Antiques Center is entitled to judgment as a matter of law.
For the foregoing reasons, Kent Antiques Center's motion for summary judgment is denied.
HON. WALTER M. PICKETT, JR.State Judge Referee
CT Page 530-K