[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Frederick Lundfelt, by way of an amended complaint alleges negligence on the part of the defendant, Rocky River Realty, Co., Inc., for failing to maintain the premises located at 107 Selden Street, Berlin, CT. The plaintiff alleges that as a result of a dangerous and defective condition on said premises, he slipped and fell down the steps of an interior stairwell. The plaintiff further alleges that at the time of the accident, the defendant was in possession and control of the premises.
On November 24, 1998, the defendant filed a motion for summary judgment and a memorandum of law in support.
On April 6, 1999, the plaintiff filed a motion in opposition along with a supporting memorandum of law. CT Page 6661
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999).
The defendant argues that although it owns the property in question, the property is leased to Northeast Utilities Service Company ("NUSCO"), and that pursuant to the terms of the lease, NUSCO is responsible for maintaining the subject property in good order and condition. Therefore, the defendant argues that it owed no duty to the plaintiff. The defendant submitted a copy of the lease in support of its motion.[1]
In opposition, the plaintiff argues that although a written lease may resolve the issue of control, thereby granting immunity to a landlord, there is an emerging body of law in opposition to that principle. In support of this proposition, the plaintiff cites to The American Law of Torts, Speiser, Krause and Gans, (1987) Vol. 4, Section 14:76, pp. 240-242, which discusses the emergence of the reasonable man standard of review and the growth of exceptions to landlord immunity. The plaintiff further argues that the defendant's right of inspection and its control over certain aspects of the premises is inconsistent with their claim of total relinquishment of control.
"Liability for an injury due to defective premises does not depend upon title, but on possession and control." Farlow v.Andrews Corp. , 154 Conn. 220, 225, 224 A.2d 546 (1966). The determination of whether a lessor has retained control of the leased premises is a question of fact, unless it is definitely expressed in the lease. Panaroni v. Johnson 158 Conn. 92, 98,256 A.2d 246 (1969). Leases are contracts and construed according to contract law. Amwax Corporation v. Chadwick, 28 Conn. App. 739,741, 612 A.2d 127 (1992). "[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) Gateway v. NiNoia, 232 Conn. 223, 229,654 A.2d 342 (1995).
Contrary to the plaintiff's assertion that there is an emerging body of law with regard to landlord liability, Connecticut still follows the common-law view that "unless the CT Page 6662 landlord retains control of a portion of the demised premises, the landlord is under no obligation or liability [to] the tenant for personal injuries due to the defective condition of the demised premises [or] the lack of repair of defects therein in the absence of an agreement, express or implied to the contrary."Farina v. Orchard Hill Market, Superior Court, judicial district of New Haven at New Haven, Docket No. 372697 (September 17, 1997,Zoarski, J.), citing Pollack v. Gampel, 163 Conn. 462, 468,313 A.2d 73 (1972).
Although [a] landlord ordinarily is not liable for defects on the premises within the tenant's exclusive control there is an exception to the rule where: "(1) the landlord leased the premises for a use open to the public; (2) the defect in question was in existence at the beginning of the lease; [and] (3) the landlord knew or should have known that the tenant could not reasonably be expected to remedy or guard against injury from the defect." Princhett v. Rosoff, 546 F.2d 463, 466 (2d Cir. 1976), citing Webel v. Yale University, 125 Conn. 515, 522-24,7 A.2d 215 (1939). "An important limitation upon the landlord's liability is that such liability does not arise unless he has reason to expect that the tenant will not take steps to remedy or guard against injury from the defect." Webel v. Yale University, supra, 125 Conn. 515, 523-524 (1939). The aforecited exception to landlord liability is commonly referred to as the "public use" exception.
In Webel v. Yale University, supra, 125 Conn. 515, the court stated that "[t]he basis of liability in [public use cases]. . . . is that the landowner leases premises on which he knows or should know that there are conditions likely to cause injury to persons entering on them, that the purpose for which the premises are leased involves the fact that people will be invited upon the premises as patrons of the tenant, and that the landowner knows or should know that the tenant cannot reasonably be expected to remedy or guard against injury from the defect." (Emphasis added.) Id., 523.
Here, the plaintiff does not allege that the premises leased to NUSCO are open to the general public. Moreover, there is no allegation that the defendant had reason to expect that NUSCO would not take steps to remedy or guard against injury from the alleged defect. Therefore, the "public use" doctrine is inapplicable in the case at hand. CT Page 6663
The plaintiff also argues that the lease agreement is inconsistent with regard to control as it contains language which grants to the defendant a right to inspect the premises and to "control restoration of the demised premises (see Section 12(d) of Lease), signs (see Section 16 of Lease) and insurance (see Section 5 of Lease)." (Reply to Defendant's Motion for Summary Judgment, ¶ 7).
The Connecticut Supreme Court has suggested that the mere right to inspect, absent evidence that the defendant undertook repairs, is insufficient to create a genuine issue of material fact. See Panaroni v. Johnson, 158 Conn. 92, 98, 256 A.2d 246
(1969). Also, reliance on language in the lease which permits the defendant to approve restoration plans in the event of a fire or other casualty and which requires the plaintiff to obtain the consent of the defendant prior to the installation/removal of signs on the premises is insufficient to raise a genuine issue of fact as to whether the defendant exercised control over the interior stairwell at the time in question.
In Capital Idea v. Sciarra, the court noted that "[t]he fact that [the landowner] is a `hands-on' owner who permits no structural renovations within his building without his approval does not even suggest, much less tend to prove, that at the time of the [accident] he exercised control over that portion of the building where the [accident] occurred and the plaintiffs suffered their injuries and losses. Indeed, there is nothing at all inconsistent between taking an active interest in one's commercial property and leaving ones tenants entirely alone in the control of their leased premises as long as they make no attempt to change or rebuild those premises." Capitol Idea v.Sciarra, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 512497 (October 24, 1994, J.Sheldon), affirmed 40 Conn. App. 927, 670 A.2d 337 (1996).
Here, there is no allegation that the defendant agreed to perform any repairs or that it did in fact make repairs or changes to the premises during the term of the plaintiff's lease.
This court finds that: (1) the lease at issue expressly obligates NUSCO to maintain and repair the leased premises; and (2) the defendant made no repairs or changes to the premises during the term of the lease. Therefore, the defendant has satisfied its burden of showing the relinquishment of control. The court further finds that the plaintiff has failed to raise a CT Page 6664 genuine issue of fact as to the retention of control by the defendant. The motion for summary judgment is granted.
Mihalakos, J.